(No. 14808.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK PICCIRILLI *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1922.*

CRIMINAL LAW—*bill of exceptions must show rulings of court in regard to instructions.* Plaintiffs in error cannot complain of alleged failure of the judge to mark instructions "given" or "refused" where the bill of exceptions does not show that the court was asked to do anything or did anything in regard to the instructions, or that any instructions were given or refused except one given as to the form of the verdict and one which was requested and was marked refused.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. GEORGE A. SENTEL, Judge, presiding.

KNIGHT & MOHR, and LYNN S. CORBLY, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROY R. CLINE, State's Attorney, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error were convicted of the larceny of $25 in money and were sentenced to imprisonment in accordance with the Parole law.

The prosecuting witness was a prostitute, who entered a taxicab driven by one of the defendants on the night when the crime is alleged to have been committed. The other defendant was already in the taxicab. The prosecuting witness testified that she hired the taxicab to take her out to North Market street, in the city of Champaign. The defendants' claim is that she entered the taxicab to go with them in the prosecution of her trade. There is no necessity for entering into the sordid details of the evidence in regard to the transactions of the evening. The prosecuting

witness testified to the defendants' taking from her $25 in bills, and they denied it. Circumstances testified to by other witnesses corroborated, in part, her version of the matter, and other circumstances testified to by other witnesses corroborated to some extent the defendants' version. After stating their contention that the verdict is clearly against the weight of the evidence, counsel for the plaintiffs in error refer the court to a careful perusal of the evidence for the determination of the question. We have read and considered the evidence. A discussion of it would simply show that there was evidence on both sides of the issue, that the case was one for the jury to determine, and that their verdict could not be disturbed on the ground that it was not sustained by the evidence.

The plaintiffs in error complain that the record contains no proof that the statute requiring the judge to mark the instructions "given" or "refused" was complied with. The bill of exceptions does not show that any instructions were given or refused, except one as to the form of the verdict and one asked by the plaintiffs in error as to the weight to be given to the testimony of the prosecuting witness, which was refused and so marked. At the close of all the evidence the bill of exceptions contains this statement: "The following instructions were found among the files of this cause, indorsed on the back in the handwriting of the clerk of this court, 'Instructions given,' and with the stamp indorsement, 'Filed February 9, 1922.—Boyd S. Blaine, clerk of the circuit court,' which instructions are in the words and figures following, to-wit:" Then follow statements of law in the form of instructions numbered from 1 to 9, but there is no statement that they were given by the court and they are not marked either "given" or "refused." At the end is the following statement: "To the giving of each and all of said instructions the defendants by their counsel then and there duly excepted," though there is nothing further to show that such instructions were given and no argu-

ment is made against any of them. Then follow other statements in the form of instructions numbered from 10 to 21, inclusive, after which is the following: "For the neglect, omission or refusal of the court to mark each and all of said instructions 'given,' the defendants by their counsel then and there duly excepted." The bill of exceptions then goes on to state that the defendants by their counsel requested the court to give the instruction which was refused, and that the court then gave the jury an instruction on the form of the verdict.

The only way in which instructions and the rulings of the court on them can be made a part of the record is by their inclusion in a bill of exceptions. There is no statement that the propositions contained in the bill of exceptions were presented to the court with the request that they be given to the jury or that they were presented to the court at all. There is nothing to indicate whether they were prepared by counsel on either side or by the court or by whom they were prepared. It is not said that they were given to the jury or that the jury had them. There is nothing of which the plaintiffs in error can complain, for the bill of exceptions does not show that the court was asked to do anything or did anything in connection with the instructions. Since the record shows no action of the court in regard to instructions there is nothing for this court to review.

Counsel for the plaintiffs in error state that throughout the entire proceedings there were statements made by the prosecution of a prejudicial character, which were made over the objections of the plaintiffs in error. They do not, however, show any such statements in the record and have presented none for consideration in this connection.

No other errors are assigned. The judgment is affirmed.

*Judgment affirmed.*