THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK GABRYS, Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*abstract must show who offered instructions complained of.* Error ·cannot be assigned upon the giving or refusal of instructions unless the abstract shows who offered the instructions concerning which complaint is made.

2. SAME—*motion for new trial, and ruling thereon, must be in bill of exceptions before evidence can be reviewed—errors.* Before the Supreme Court can pass on the sufficiency of the evidence to sustain the verdict the defendant must have made a motion for a new trial, must have excepted to the overruling of the motion, and the motion itself, the ruling thereon and the exception thereto, together with the evidence, must be incorporated in the bill of exceptions; but alleged errors in the admission or rejection of evidence, where the rulings of the court thereon have been excepted to and incorporated in the bill of exceptions, are open for review even though no motion for a new trial has been made.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

STEPHEN T. RONAN, (JOHN B. KING, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and LEE R. LAROCHELLE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiff in error was convicted in the criminal court of Cook county on the charge of having on the evening of January 12, 1925, in the city of Chicago, robbed Paul K. Smith by the use of a gun, and was sentenced to the penitentiary on October 9, 1925. He has sued out a writ of error to review the judgment.

The first two assignments of error question the sufficiency of the evidence, the third and fourth cover alleged errors on the part of the trial court in the admission of testimony, the fifth and sixth allege errors in instructing the jury, and the seventh alleges error on the part of the trial court in refusing to grant the motion for new trial and in sentencing the defendant under the verdict.

Neither the bill of exceptions nor the abstract shows who offered the instructions read to the jury. It is argued in the brief of plaintiff in error that the instructions given by the court and the refusal of one instruction offered on behalf of the defendant were unfair to the defendant. His counsel in argument call attention to two instructions given to the jury which they allege were erroneous. This court has frequently held that error cannot be assigned upon the giving or refusal of instructions unless the abstract shows who offered the instructions concerning which complaint is made. *People* v. *Vickers*, 326 Ill. 290; *People* v. *Heywood*, 321 id. 380.

Plaintiff in error complains of the denial of his motion for a new trial, but the bill of exceptions contains no evidence that a motion for a new trial was made. To permit a review of an order denying a motion for a new trial the bill of exceptions must show that such a motion was made and the order of the court denying the same. The only method by which these questions can be preserved is by a bill of exceptions. (*Call* v. *People*, 201 Ill. 499; *Harris* v. *People*, 130 id. 457.) In order to bring before this court

for review the question of the sufficiency of the evidence to sustain the verdict it is necessary that the losing party make a motion for a new trial, and upon its being overruled except to such ruling, and to include such motion, the order overruling the same and exceptions thereto, together with the evidence, in a bill of exceptions. (*Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589.) No motion for new trial, with the ruling thereon, having been preserved in the bill of exceptions, this court cannot review the sufficiency of the evidence.

The only assignment of error remaining concerns the rulings of the court on the admissibility of evidence. The rule is, that alleged errors on the admission or rejection of evidence, where the rulings of the court thereon have been excepted to and incorporated in the bill of exceptions, are open for review even though no motion for new trial has been made. *Yarber* v. *Chicago and Alton Railway Co. supra; Illinois Central Railroad Co.* v. *O'Keefe,* 154 Ill. 508.

The only errors urged in argument concern the refusal of the court to permit answers to be made to certain questions put to witnesses by counsel for the plaintiff in error. But four of such questions, with rulings thereon, are discussed in the brief. As to one of these four the abstract shows no objection or ruling thereon; as to another the abstract shows no such question asked. But two of such questions appear in the abstract with objections thereto, the ruling of the court sustaining the objection, and the exception of counsel for plaintiff in error to such ruling. These arose on cross-examination of the complaining witness. The witnesses had in each instance answered the question before objection was made, and no motion was made to strike the answer. Plaintiff in error was in nowise prejudiced by the rulings of which he complains.

No reversible error has been called to our attention, and the judgment of the criminal court will be affirmed.

*Judgment affirmed.*