## W. C. Clark et al., Appellees, v. Hoering-Buchholz Company, Inc., Appellant.

Opinion filed June 5, 1929. Rehearing denied July 16, 1929.

J. E. DUNNEGAN and J. P. STREUBER, for appellant.

CHAPMAN & DU HADWAY, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Lillian A. Root leased the premises in question in this case to William H. Neerman for a period of five years from May 1, 1924. His lease contained a provision that in case of a sale of the building the lessee would vacate the premises upon notice in writing within one year from the date of the notice. About

two years later the lessee and his employees organized a corporation, appellant herein. The agent who collected the rent for Miss Root signed her name to a consent to the assignment of the lease to appellant. At the same time he made another indorsement on the lease to the effect that appellant would give possession of the premises at any time on a 90-day notice in writing from the lessor. There is no evidence that the agent had authority, in writing, to make either of the indorsements aforesaid. Neither the lessor nor the lessee signed the indorsements. On June 2, 1926, the same agent collected two months' rent from appellant for which he gave a receipt with an indorsement on the back thereof stating that the rent was accepted with the understanding that the lease should bear an indorsement stating that in case of sale the lessee agreed to vacate the premises upon a written notice within 90 days. On December 1, 1926, Miss Root conveyed the premises to C. A. Caldwell and on January 24, 1927, Mr. Caldwell served a written notice upon appellant to quit and deliver up possession of the premises at the expiration of 90 days from the end of that month. On February 1, 1927, Mr. Caldwell leased the premises to appellees for a period of ten years, and on June 10, 1927, appellees, by a written notice, demanded immediate possession of the premises from appellant.

Appellant having failed to deliver possession, appellees began this action of forcible entry and detainer before a justice of the peace. There was an appeal to the county court and appellees procured a verdict and judgment for the possession of the premises.

Appellant contends that the court erred in the giving and refusing of instructions. That question has not been properly preserved and cannot be considered. The bill of exceptions, as amended, contains a motion

for a new trial, but it does not contain the ruling of the court thereon or an exception thereto. The bill of exceptions contains all of the instructions that were given and refused, but it does not show that any exception was taken to any of the court's rulings in regard to the instructions. We would not be warranted in holding that the court erred in its rulings on instructions. *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589; *People v. Gabrys,* 329 Ill. 101.

Under the same authorities, however, we are required to consider the rulings of the court as to the admission and exclusion of evidence. The court permitted appellees to introduce in evidence the receipt for rent and the indorsement on the back of the receipt hereinabove mentioned. They were also permitted to offer in evidence the indorsements which were put upon the lease by the agent of Miss Root. The original lease required the lessee to vacate the premises in case of a sale within one year from the date of notice. The indorsements put upon the lease, and upon the back of the receipt for rent, were not signed by the lessor or lessee. The agent who made the indorsements was not authorized in writing so to do. The court erred in admitting those indorsements in evidence. Without those indorsements the verdict should have been in favor of appellant. The record discloses that appellant had vacated the premises before the case was tried in the county court. That being true, it seems strange that counsel would proceed with the trial. It would seem that the only question left was that of who should pay the costs.

The lease contained a provision that the lessee would not assign it without the written consent of the lessor under the penalty of forfeiture and damages. Appellees contend that the assignment of the lease to appellant worked a forfeiture. The record discloses that the lessor accepted rent from appellant after the assign-

ment of the lease. That was a waiver of the alleged forfeiture. *Webster v. Nichols,* 104 Ill. 160.

While we think the litigation should be brought to a close, yet we would not be warranted in affirming the judgment. The judgment is reversed and the cause remanded.

*Reversed and remanded.*