(No. 19969.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED LEONARDI, Plaintiff in Error.

*Opinion filed February 21, 1930.*

A. J. MUFFOLETTO, (JOHN C. MELANIPHY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and ROY D. JOHNSON, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the criminal court of Cook county plaintiff in error, Fred Leonardi, was indicted, tried, found guilty and sentenced to the penitentiary for the crime of robbery. The record is before this court for review on writ of error.

Plaintiff in error urges six points for reversal. Points 1 and 2 are discussed under the heading, "the verdict is

against the manifest weight of the evidence and is not supported by the evidence." Point 6 is, "the verdict is based on prejudice and passion of the jury." The abstract does not disclose that the evidence recited in the bill of exceptions was all the evidence contained therein. Neither does it contain a motion for a new trial which had been overruled. In order to bring before this court for review the question of the sufficiency of the evidence to sustain the verdict it is necessary that the losing party make a motion for a new trial and upon its being overruled except to such ruling, and to include such motion, the order overruling the same and exceptions thereto, together with the evidence, in a bill of exceptions. *People* v. *Gabrys,* 329 Ill. 101; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589.

Points 4 and 5 are, "the court erred in overruling the motions for a new trial and in arrest of judgment." To permit a review of an order denying a motion for a new trial the bill of exceptions must show that such a motion was made and the order of the court denying the same. The only method by which these questions can be preserved is by a bill of exceptions. (*People* v. *Gabrys, supra; Call* v. *People,* 201 Ill. 499; *Harris* v. *People,* 130 id. 457.) The only reason assigned as error in overruling the motion in arrest of judgment is that the evidence would not justify the verdict. This cannot be considered.

Point 3 argued by plaintiff in error is, "the court erred in instructing the jury on behalf of the State." The abstract does not show that it contains all the instructions given. The only instruction of which complaint is made is one on the subject of the credibility of witnesses, which plaintiff in error claims is like those condemned in *People* v. *Krauser,* 315 Ill. 485, and *People* v. *Levato,* 330 id. 498. A comparison of the instructions shows that while the instructions there criticised were taken as the basis of the one here given, in the instant case the court obviated the objections there pointed out by referring the jury only to

"circumstances appearing in the evidence." *People* v. *Costello,* 320 Ill. 79.

No reversible error has been called to our attention, and the judgment of the criminal court will be affirmed.

*Judgment affirmed.*