Paul Spangler, Appellant, v. Saline County Coal Corporation, Appellee.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

LLOYD H. MELTON, for appellant.

MILEY & COMBE, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Paul Spangler, the appellant, brought suit in a justice court to recover for the loss of clothes which he claims were destroyed by fire while in possession of the appellee.

An appeal was prosecuted to the circuit court and on the trial before the court and a jury, at the close of

appellant's (plaintiff's) evidence, the appellee moved the court to direct a verdict in its favor. The motion was granted and the peremptory instruction given.

A motion for a new trial was made and filed by appellant, which was overruled by the court. Judgment was entered on the verdict in favor of the defendant, from which appellant appeals.

We do not deem it necessary to pass upon the ruling of the trial court in granting the motion for a peremptory instruction, nor the overruling of appellant's motion for a new trial because the questions were not properly preserved.

A careful inspection of the bill of exceptions shows no exception was taken to the ruling of the court on these two motions. "It is the well established rule in law cases that, in order to be preserved as a part of the record, all motions, including motions for a new trial and in arrest of judgment, and all the instructions given and refused by the court, must be preserved in a bill of exceptions signed by the court and filed as a part of the record in the case." *Greenwell v. Hess,* 298 Ill. 459.

This court has frequently held that, in a jury trial, if it is desired to save for review the question of the sufficiency of the evidence to sustain the verdict, the losing party must make a motion for a new trial, and upon its being overruled, except to said ruling, and include such motion, order overruling the same and his exceptions thereto, together with the evidence, in a bill of exceptions. *Quillman v. Cockram,* 253 Ill. App. 413, 414. *Clark v. Hoering-Buchholz Co., Inc.,* 254 Ill. App. 60.

We cannot see that the court erred in its rulings on the admissibility of evidence, and for the reasons assigned the judgment of the circuit court is affirmed.

*Affirmed.*