(No. 22442.— 

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROGERS BUCKMAN, Plaintiff in Error.

*Opinion filed June 19, 1934—Rehearing denied October 5, 1934.*

JOSEPH LUSTFIELD, and HERMAN J. SHAPRIN, (ODE L. RANKIN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff in error, Rogers Buckman, was indicted, with Raymond Banks, by the September, 1933, grand jury in Cook county. They were charged with larceny of an automobile, the property of Shadwick A. Barry and Marion Barry, co-owners, and were found guilty by a jury November 22, 1933, in the criminal court. On January 8, 1934, Buckman was sentenced to the penitentiary for a term of from one to twenty years. The case is here by writ of error.

Buckman urges that the evidence does not support the verdict. He contends that the People failed to prove the co-ownership of the automobile as alleged in the indictment. He also says that his guilt was not proved beyond

a reasonable doubt. The bill of exceptions only shows a motion for new trial. The ruling on that motion is included in the common law record, which is certified to by the circuit clerk. In order to bring before this court for review the question of the sufficiency of the evidence to sustain a verdict, the evidence, the motion for a new trial and the order overruling it must all be included in a bill of exceptions certified by the trial judge. (*People* v. *Reese,* 355 Ill. 562; *People* v. *Leonardi,* 338 id. 177; *People* v. *Gabrys,* 329 id. 101.) Since no question argued has been properly preserved there is nothing before us to warrant reversing the case.

The judgment of the criminal court of Cook county is accordingly affirmed. *Judgment affirmed.*