(No. 23048.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS ZARANSKY, Plaintiff in Error.

*Opinion filed December 16, 1935.*

SIMON HERR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, RICHARD H. DEVINE, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

In the criminal court of Cook county Morris Zaransky was convicted of receiving stolen property and sentenced to the penitentiary. He is a junk dealer in the city of Chicago. On the night of September 14, 1934, a large amount of copper, aluminum, old radiators, tin and pewter was stolen from the North Side Metal Company's place of business on North Oakley boulevard, in Chicago. Two weeks later, Nathan Cohen, Joseph Winslow and Walter Van-Heulen were arrested in an attempted burglary at the same premises. They confessed the first burglary and informed the officers they sold the metal to Zaransky. He was arrested the next day. Upon his preliminary examination he was discharged. Subsequently he was indicted, his trial and conviction followed, and he has sued out this writ of error.

It is claimed that the verdict of the jury is contrary to the weight of the evidence. The bill of exceptions does not contain any motion for a new trial nor any ruling concerning it. The only reference to it is a recital of the filing of a written motion for a new trial, the overruling of the motion and the exception of the defendant. The clerk of the trial court copied into the record proper what purports to be the written motion for a new trial. That is not sufficient, for it is not properly a part of the common law record. The only way it can be preserved is by incorporating it in the bill of exceptions. (*People* v. *Buckman,* 357 Ill. 407; *People* v. *Reese,* 355 id. 562.) We are therefore precluded from considering the question of the sufficiency of the evidence to sustain the verdict. *People* v. *Lehner,* 335 Ill. 424; *Call* v. *People,* 201 id. 499.

Although we cannot pass on the sufficiency of the evidence in this record we may consider assignments of error as to the giving and refusing of instructions. (*People* v. *Lehner, supra.*) The court refused an instruction requested by the defendant relating to the presumption of innocence, but that subject was covered by another instruction of the same import, and therefore no prejudice resulted.

An instruction was refused which recited that unless the prosecution proved, beyond a reasonable doubt, that when the defendant received the goods he knew they were stolen he could not be convicted. The court also refused to give an instruction which told the jury that "knowledge that the goods were stolen at the time the same were received may be proved by circumstances, yet actual knowledge or the existence of such evidence as would cause the jury to presume knowledge, must be proved, beyond a reasonable doubt by competent evidence like every other material averment in the indictment." No instruction of like tenor was given, and the defendant had an undoubted right to have the jury advised that the law would not allow a conviction unless there was proof, beyond a reasonable

doubt, that he had either actual or imputed knowledge of the fact that the property he received had been stolen. The provisions of section 67 of the Civil Practice act prior to the amendment of 1935 requiring objections to be specific has no application to parties who have offered an instruction which the court has refused.

The defendant in this case was convicted upon the testimony of Cohen and Winslow, who claimed they were accomplices. The defendant requested the court to instruct the jury that "the court instructs the jury that the testimony of an accomplice is liable to grave suspicion, and you should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all the evidence in the case; and you should consider the influence under which such testimony is given, if any, and whether the purpose of the witness is to shield himself from punishment, to obtain some benefit for himself, or to gratify his malice, and the jury ought not to convict upon such testimony alone, unless after a careful examination of such testimony in the light of other evidence in the case, they are satisfied beyond a reasonable doubt of its truth, and that they can safely rely upon it." The court refused to give the instruction or any other instruction to the same effect. A somewhat similar instruction was given, yet it contained the vice of telling the jury that "the credibility of an accomplice is for the jury to pass upon as they pass upon the credibility of any other witness." The credibility of such witnesses is not to be passed upon the same as that of other witnesses. (*People* v. *Gleitsmann,* 361 Ill. 165.) It was the duty of the trial court to fully and fairly instruct the jury as to the tainted character of their testimony. This was not done.

On account of the errors indicated herein the judgment of the criminal court of Cook county is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*