(No. 24175.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JAMES CAUSEY et al. Plaintiffs in Error.

*Opinion filed December 15, 1937.*

G. C. BORDERS, for plaintiffs in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Atorney, A. B. DENNIS, and R. V. GUSTIN, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs in error were convicted at the January, 1936, term of the circuit court of St. Clair county of the crime of robbery. The verdict of the jury was returned on March 19, 1936. A motion for a new trial was denied on March 24, 1936, and the plaintiffs in error were sentenced to the penitentiary, where they have since been incarcerated. More than a year later, on April 8, 1937, plaintiffs in error sued out a writ of error from this court and a bill of exceptions was certified by the trial judge on May 3, 1937. The grounds urged for reversal are that the evidence is not sufficient to support the conviction, errors in the admission of testimony, and in the giving and refusal of instructions.

Defendant in error has filed a motion to strike the bill of exceptions on the ground that it was not filed in due

time. We have held consistently, in many cases, that a bill of exceptions must be filed within the term of court at which judgment was entered or within a time fixed during that term. (*People* v. *Keller,* 353 Ill. 411; *People* v. *Jenkins,* 353 id. 152; *People* v. *Duyvejonck,* 337 id. 636; *People* v. *Irwin,* 283 id. 51; *People* v. *Ellsworth,* 261 id. 275; *People* v. *Strauch,* 247 id. 220; *People* v. *Dougherty,* 118 id. 160.) Here, the bill of exceptions was filed more than a year after the entry of the judgment and no extension was ever sought or obtained. The motion to strike the bill of exceptions must, therefore, be allowed. Inasmuch as the errors complained of do not appear in the common law record there is nothing for us to review, and the judgment is affirmed.

*Judgment affirmed.*