(No. 26617.—▮▮▮▮▮▮▮▮▮▮)

The People of the State of Illinois, Defendant in Error, *vs.* John Duvall, Plaintiff in Error.

*Opinion filed May 13, 1942.*

Ellis & Westbrooks, (Richard E. Westbrooks, of counsel,) for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Per Curiam: November 23, 1936, the defendant, John Duvall, was indicted in the criminal court of Cook county for robbery while armed with a dangerous weapon. A jury found him guilty, as charged; motions for a new trial and in arrest of judgment were denied, and he was sentenced to imprisonment in the penitentiary. Defendant prosecutes this writ of error.

Recourse to the record discloses that on December 10, 1936, the day judgment was rendered on the verdict, an order was entered granting defendant thirty days within which to file a bill of exceptions. January 8, 1937, the time was extended thirty days from the date of the time of expiration. Thereafter, on February 9, 1937, the bill of ex-

ceptions was presented to the trial judge. More than four years and six months afterwards, on August 19, 1941, a bill of exceptions was signed and sealed by a judge of the criminal court and ordered filed *nunc pro tunc* as of February 9, 1937. Upon motion of the People, we entered an order on March 9, 1942, striking the purported bill of exceptions from the transcript of the record. Thereafter, we denied defendant's motion to set aside and vacate our order.

Defendant charges errors in the admission of testimony, complains that he was not properly and competently represented by the counsel appointed by the court to defend him, assails three instructions, and challenges the sufficiency of the evidence to sustain the conviction. No one of the errors relied on to obtain a reversal of the judgment finds a basis in the common law record. Since the purported bill of exceptions has been stricken, nothing remains in the record for us to review. *People* v. *Boyd,* 370 Ill. 235; *People* v. *Causey,* 367 id. 461; *People* v. *Webb,* id. 346; *People* v. *Przybysh,* 362 id. 526; *People* v. *Keller,* 353 id. 411; *People* v. *Stahulak,* id. 348.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*