(No. 27805.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY YETTER, Plaintiff in Error.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

HARRY YETTER, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

August 4, 1930, the defendant, Harry Yetter, otherwise known as Harry Getter, was indicted in the criminal court

of Cook county for the murder of John G. Guiltanane on July 18, 1930. A jury found him guilty and he was sentenced to imprisonment in the penitentiary for life. Yetter prosecutes this writ of error.

Defendant, now incarcerated in the penitentiary at Joliet, appears *pro se*. He has filed a bill of exceptions certified by the trial judge on October 19, 1931. The certification, in the usual form, recites that it contains a correct and complete *verbatim* stenographer's report of all the testimony adduced upon the trial, all the rulings of the court and motions of counsel, all objections made and exceptions taken during the progress of the trial, and "all other proceedings" had therein. The bill of exceptions contains only the testimony of the witnesses. No motions of any kind are included. Instructions, whether given or refused, are not incorporated. Nor does it contain the remarks of the assistant State's Attorney who represented the People. Filed separately are the thirty-six given instructions and a colloquy attending the giving of two additional instructions in response to a request from the jurors. According to the report of the colloquy, defendant objected to the giving of these two instructions. Instructions requested, but refused, if any, do not appear. The instructions originally given, the two additional instructions and the discussion incident thereto, are not certified. The common-law record certified by the clerk of the criminal court of Cook county on March 4, 1932, has been filed as a document separate and apart from the bill of exceptions and, also, the instructions. Immediately following the copy of the verdict in the common-law record appears the following: "Counsel for said Defendant now here moves the Court for a new trial in this cause. And on motion of Counsel for said defendant it is ordered that said motion be and the same is hereby continued until the July, A. D. 1931, Term of Court and set for the Ninth (9th) day of July, A. D. 1931." The judgment order of July 20, 1931,

recites "Counsel for said Defendant now here moves the Court for a New Trial in this cause. And the Court hearing Counsel in support of said motion as well as in opposition thereto and being fully advised in the premises doth overrule said motion and orders that said motion for a New Trial in this cause be and the same is hereby overruled accordingly. To which order of the Court in overruling said motion said Defendant by his Counsel now here excepts." The foregoing quotations contain the only references to a motion for a new trial anywhere in the common-law record and the bill of exceptions.

To obtain a reversal of the judgment of conviction, defendant has assigned seven errors. The gist of the assignment of errors is that incompetent evidence was admitted, that misconduct by an assistant State's Attorney was prejudicial to defendant and that the evidence was insufficient to sustain the verdict and the judgment rendered. As recounted, neither the bill of exceptions nor the common-law record contains any motion for a new trial. The only references to it are the statements previously quoted. To properly present the question of the sufficiency of the evidence to support a verdict, the evidence, the motion for a new trial, and the order overruling it must all be included in a bill of exceptions or a stenographic report certified by the trial judge. *People* v. *Zaransky,* 362 Ill. 76; *People* v. *Buckman,* 357 Ill. 407; *People* v. *Reese,* 355 Ill. 562; *People* v. *Hobbs,* 352 Ill. 224; *People* v. *Leonardi,* 338 Ill. 177; *People* v. *Lehner,* 335 Ill. 424; *People* v. *Gabrys,* 329 Ill. 101.

In *People* v. *Reese,* 355 Ill. 562, this court said: "In civil and criminal cases, the trial judge has the duty of signing and sealing the bill of exceptions. [Citation.] One of the purposes of these statutory provisions is to make sure that the reviewing court has before it a correct transcript of all the proceedings, pleadings, orders, mo-

tions, testimony, documentary evidence and real evidence had, filed, made or introduced at the trial of the cause." Again, in *People* v. *Levin,* 318 Ill. 227: "Motions, petitions in the nature of motions, and the court's rulings thereon, are not parts of the common law record. To become such they must be incorporated in a bill of exceptions or stenographic report signed by the trial judge." A strikingly pertinent observation was made in *People* v. *Levin,* 313 Ill. 588: "There is a recital in the record that a motion for a new trial was made and overruled, but there is no bill of exceptions preserving the motion for a new trial as part of the record, and the record does not even recite the grounds, if any special grounds were alleged, for such motion." And, in *People ex rel. Shriver* v. *Cowen,* 283 Ill. 308, this court observed: "Recitals in the judgment order of the court and suggestions of counsel in their brief and argument that certain rulings were made on motions, supported by affidavits, are not sufficient to entitle parties to a decision thereon by this court on errors assigned."

The rule requiring that errors relied on for a reversal in this court must be first called to the attention of the trial court by motion for a new trial, is based upon the reasonable proposition that the trial judge should be afforded an opportunity to correct the alleged errors. In *Call* v. *People,* 201 Ill. 499, the court pointedly stated: "The rule being that no grounds other than those set out in the motion for a new trial will be considered by this court in reviewing the judgment of the trial court, it is important that we know what that motion contained. This knowledge can come to us only through the bill of exceptions. We can judicially know only that which is set out in the bill of exceptions. Nothing appearing in this record as to the grounds on which the motion for a new trial was based, the presumption is that the trial court properly overruled the same, and it not appearing that the sufficiency

of the evidence to support the verdict and judgment was raised by motion for a new trial, we are not at liberty to go into that question." *Graham* v. *People,* 115 Ill. 566, and *Harris* v. *People,* 130 Ill. 457, are to the same effect.

We have considered at length the question of the proper method of preserving for review the sufficiency of the evidence to sustain a verdict for the reason that, currently, a considerable number of attempts to obtain a review of the evidence must fail because of the absence of a motion for a new trial setting forth grounds in support of a new trial. Here, not only is there a failure to include the motion for a new trial in the bill of exceptions but also a failure to include the actual motion in the common-law record. Under such circumstances, we do not consider the sufficiency of the evidence.

The issues sought to be presented with respect to the alleged misconduct of the assistant State's Attorney and the admission of incompetent testimony are not open to consideration for the additional reason that the abstract does not in any way meet the requirements of Rule 38 which prescribes, in part, "The abstract must be sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the .opposite party shall file a further abstract, making necessary corrections or additions." The abstract here is merely a narration of the evidence introduced upon the trial. An examination fails to disclose a single objection to the introduction of testimony or to the remarks or conduct of the assistant State's Attorney who tried the cause for the People. It is, of course, true that alleged errors in the admission or rejection of evidence, where the rulings of the court thereon have been excepted to and incorporated in the bill of exceptions, are open for review even though no motion for a new trial has been made. (*People* v.

*Gabrys,* 329 Ill. 101.) This familiar rule does not aid defendant for the adequate reason that his abstract does not show any objections to the admission or rejection of evidence. We are, accordingly, precluded from reviewing the errors assigned with respect to the admission of testimony and the conduct of the attorney for the prosecution.

Although the assignments of error do not challenge the instructions, defendant, in his brief, contends that "the Jury should have been instructed by the Court that if the Jury found that he was an accomplice in a robbery that such a connection had nothing whatever to do with the actual murder, that the Court should have been impartial and explained that the mere presence on the scene of an alleged robbery did not constitute guilt in any degree of murder, that the Court should have defined the Charge of Murder as of the Statutes of this State of Illinois. That it can clearly be understood that the Jury did not believe that the robbery of the filling station, aforesaid, had anything whatsoever to do with establishing a motive for murder alleged to have been committed later or even the next day in a different part of the city." While the fact that the sufficiency of the evidence cannot be decided does not bar a consideration of assignments of error as to the giving and refusing of instructions, (*People* v. *Zaransky,* 362 Ill. 76; *People* v. *Lehner,* 335 Ill. 424,) the two instructions assailed here are not included in either the bill of exceptions or the common-law record but appear only in an uncertified third document. Moreover, this uncertified document does not purport to show that it contains all the instructions given.

For the reasons stated in this opinion, the judgment of the criminal court of Cook county must be affirmed.

*Judgment affirmed.*