(No. 28000.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEONARD JOHNS, Plaintiff in Error.

*Opinion filed November 22, 1944.*

LEONARD JOHNS, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

November 18, 1937, the defendant, Leonard Johns, was indicted in the criminal court of Cook county for robbery while armed with a dangerous weapon. The indictment further charged defendant's previous conviction in September, 1928, of the crime of robbery. A jury found him guilty, as charged. Motions for a new trial and in arrest of judgment were denied, and he was sentenced to imprisonment in the penitentiary for life. Defendant prosecutes this writ of error, appearing *pro se*.

Recourse to the record discloses that on December 14, 1937, the day judgment was rendered on the verdict, an order was entered granting defendant thirty days within which to file a bill of exceptions. He did not file a bill of exceptions within the time fixed by the trial court, and no extension of time within which to file a bill of exceptions was ever sought or obtained. He has filed in this court an uncertified bill of exceptions containing only the testimony of the witnesses. No motions of any kind are included and, indeed, the purported bill of exceptions does not contain a single reference to a motion for a new trial. The actual motion for a new trial is included in the common-law record, filed as a document separate and distinct from the uncertified transcript of the testimony. Filed separately is a third document captioned "Arguments of Counsel to the Jury" on December 14, 1937, bearing a certification, dated June 16, 1944, of an official shorthand reporter of the criminal court of Cook county.

To obtain a reversal of the judgment of conviction, defendant has assigned nine errors: four charging the

admission of incompetent testimony, another challenging the sufficiency of the evidence to sustain the conviction, two claiming that misconduct by, and remarks of, an assistant State's Attorney were prejudicial to him, the eighth assailing the conduct of the trial judge towards defendant's counsel, and the ninth urging that the motion for a new trial should have been allowed. A bill of exceptions is necessary to present these assignments of error for review. The purported bill of exceptions included in the transcript of record must be stricken not only because it was not filed within the time prescribed but, also, for the adequate reason that its correctness has not been certified as required by Rule 70A of this court. (Ill. Rev. Stat. 1943, chap. 110, par. 259.70A.) To properly present the question of the sufficiency of the evidence to support a verdict, the evidence, the motion for a new trial, and the order overruling it must all be included in a bill of exceptions or a stenographic report certified by the trial judge. (*People* v. *Yetter*, 386 Ill. 594.) The sufficiency of the evidence is not now open to consideration. No one of the nine alleged errors for reversal finds a basis in the common-law record. In the absence of a properly certified transcript of the evidence, nothing remains in the record for us to review or from which we can determine whether these errors, based upon allegations of fact which are not before us, are well taken. (*People* v. *Yetter*, 386 Ill. 594; *People* v. *Bertrand*, 385 Ill. 289; *People* v. *Duvall*, 379 Ill. 535.) The presumption obtains, in the absence of a bill of exceptions, that the evidence was sufficient to warrant the verdict and the judgment rendered thereon. *People* v. *Bertrand*, 385 Ill. 289.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*