(No. 28426.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GLENN RICHARDSON, Plaintiff in Error.

*Opinion filed November 21, 1945.*

GLENN RICHARDSON, *pro se.*

GEORGE F. BARRETT, Attorney General, and DONALD M. EATON, State's Attorney, of Galena, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

November 16, 1942, the defendant, Glenn Richardson, was indicted in the circuit court of Jo Daviess county for the crime of manslaughter with an automobile. A jury found him guilty, as charged in the fifth count of the indictment. On January 29, 1943, nine days after defendant's motion for a new trial was filed, the attorney who had represented him died. February 11, 1943, defendant appeared in open court, and the trial judge advised him of his legal right to be represented by counsel. Defendant replied that he did not desire to be represented, and waived the representation and advice of counsel. Thereupon, defendant asked permission to withdraw his motion for a new trial. His request was granted. Defendant also informed the court that he was waiving his right to interpose a motion in arrest of judgment. To the query of the trial judge whether there was anything further he wished to present in his behalf, defendant answered that he was ready to accept sentence on the verdict rendered by the jury. Accordingly, he was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to fourteen years' imprisonment. Defendant prosecutes this writ of error, appearing *pro se.*

Abstract "A" filed by defendant in this court on February 8, 1945, is, in fact, and will be treated as, the common-law record. So far as relevant, it contains the indictment, the narration of the impaneling of the jury, statements that (1) twenty-two named witnesses testified on behalf of the People; (2) that defendant then made a motion for a directed verdict and, upon it being overruled, he and five witnesses testified in his behalf, and (3) that his motion for an instructed verdict, renewed at the conclusion of all the evidence, was again overruled. It further appears from the record that the jury returned its verdict on January 7, 1943, and was discharged. Defendant was granted leave to file a motion for a new trial. The motion itself is not included in the common-law record. Next follows an account of the proceedings on February 11, 1943, the day sentence was imposed upon defendant. Defendant also filed in this court on February 8, 1945, a carbon copy of a purported transcript containing the testimony of the witnesses on the trial. This document, although signed by the trial judge, bears no date of execution, does not appear to have been filed of record in the trial court, and does not bear the authentication of the clerk of the circuit court. On March 16, 1945, defendant filed with this court a certified copy of the actual motion for a new trial, later withdrawn at his instance, as a document separate and distinct from both the purported bill of exceptions and the common-law record. At the September term, 1945, we granted defendant's motion to file in this court an authenticated copy of court proceedings in the trial court. The transcript so filed is the original of the copy previously described. It does not include motions of any kind, containing merely the testimony of witnesses, objections to the introduction and rejection of evidence, respectively, the rulings of the court thereon, the statement that defendant filed a motion to direct the jury to find him not guilty, the comments of the trial judge in

disposing of the motion adversely to defendant made at the conclusion of the People's evidence, and a portion of the State's Attorney's closing argument to the jury. The transcript filed on September 11, 1945, is duly authenticated. It differs from the purported bill of exceptions originally filed in this court only in that the signature of the trial judge to the report of proceedings is dated. The date, however, May 25, 1943, is 103 days after the entry of judgment. The common-law record and the authenticated transcript disclose that defendant did not make a motion for a bill of exceptions and did not, when sentenced, or subsequently, seek an extension of time within which to file a bill of exceptions. The only real abstract of the record before us contains the fifth count of the indictment upon which defendant was convicted, the motion for a new trial, a narration of the proceedings on February 11, 1943, the day sentence was imposed, and defendant's assignment of sixteen errors,—largely a repetition of the motion for a new trial. This unusual abstract opens with a certificate of the record clerk of the Illinois State Penitentiary, at Menard, certifying "the within, above and foregoing to be a true, perfect and correct copy of an INDICT-MENT—JUDGMENT now on file" in his office. No part of the evidence adduced upon the trial is abstracted or referred to in the abstract of the record, and references to the record are lacking.

The gist of the errors assigned to obtain a reversal of the judgment of conviction is that incompetent evidence was admitted, that proper evidence was denied admission, that defendant's motion for a directed verdict in his favor should have been granted, that the closing argument of the State's Attorney was prejudicial to defendant, that his motion for a new trial should have been acted upon when the death of his counsel was suggested to the court, and, finally, that the evidence was insufficient to sustain the verdict and the judgment rendered. Neither the bill of

exceptions nor the common-law record contains any motion for a new trial. As recounted, it has been filed as a separate document. Moreover, defendant sought, and was granted permission, to withdraw his motion for a new trial.

For several adequate reasons, the issues sought to be presented, all based upon allegations of fact, cannot be considered. First, a bill of exceptions must be filed within the time fixed by rule of this court. When it appears that a bill of exceptions has not been filed within the time allowed by law, this court will strike it from the record. Since the bill of exceptions was not filed within the time fixed by rule, and it does not appear that an extension of time was obtained, the bill of exceptions will not be considered. *People* v. *Duvall,* 379 Ill. 535; *People* v. *Causey,* 367 Ill. 461.

Secondly, the transcript contains only the testimony of the witnesses, the objections to evidence and the rulings of the court thereon, the latter's comments in disposing of a motion for a directed verdict, and a portion of the State's Attorney's closing argument to the jury. On the other hand, it does not contain motions of any kind and, in particular, neither the motion for a directed verdict which defendant asserts he made nor the motion for a new trial. Approximately thirty pages of defendant's brief is devoted to a narration of the evidence and the question of its sufficiency to sustain the verdict. We have had repeated occasion to announce that to properly present the question of the sufficiency of the evidence to support a verdict, the evidence, the motion for a new trial, and the order overruling it must all be included in a bill of exceptions or a stenographic report certified by the trial judge. Conversely, where the motion for a new trial is not included in the bill of exceptions, the sufficiency of the evidence cannot be considered. (*People* v. *Johns,* 388 Ill. 212; *People* v. *Yetter,* 386 Ill. 594.) These observations apply with like force to the failure to include the motions for a

directed verdict. To become a part of the common-law record a motion for a new trial and, also, motions for a directed verdict must be incorporated in a bill of exceptions or a stenographic report signed by the trial judge. This, defendant has failed to do. The motion for a new trial was withdrawn at defendant's own request. So far as the record discloses, he was competent to withdraw this motion and legally capable of asking that sentence be imposed upon him on the verdict of the jury. Since an accused may waive the right to be represented by counsel upon a trial, it must necessarily follow that he is likewise competent to waive the assistance of counsel after the conclusion of a trial, particularly where, as here, the record discloses that the trial judge adequately advised defendant of his rights.

In the third place, no one of the sixteen errors urged in support of a reversal of the judgment is open to consideration for the additional reason that the abstract does not in any particular meet the requirements of Rule 38 of this court which, so far as pertinent, prescribes, "The abstract must be sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract, making necessary corrections or additions." Since no part of the testimony is abstracted, or even referred to, defendant is not in a position to avail himself of the rule that alleged errors in the admission or rejection of evidence, where the rulings of the court thereupon have been excepted to and incorporated in the bill of exceptions, are open to review even though no motion for a new trial has been made. (*People* v. *Yetter*, 386 Ill. 594; *People* v. *Gabrys*, 329 Ill. 101.) Similarly, the alleged misconduct of the State's Attorney cannot be reviewed.

The judgment of the circuit court must be, and is, affirmed.

*Judgment affirmed.*