(No. 29549.— ▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILBUR KLIEN, Plaintiff in Error.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

WILBUR KLIEN, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN P. MADDEN, State's Attorney, of Carlinville, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Upon a trial by jury in the circuit court of Macoupin county, plaintiff in error was found guilty of the crime of burglary. The trial was had on February 15, 1935. On February 19, 1935, he was sentenced on the verdict of the jury. He has brought the case here for review by writ of error. The alleged errors complained of are: (1) the insufficiency of the evidence to establish his guilt; (2) that the State's Attorney made improper arguments to the jury; (3) that the court erred in admitting a certain exhibit in evidence; (4) that the counsel appointed for plaintiff in error by the court did not properly protect his rights in

the trial of the cause; and (5.) that the court erred in overruling his motion for a new trial. These alleged errors present questions which can only be reviewed where a report of proceedings has been preserved in the manner provided by law, and made a part of the record. *People* v. *Wells,* 393 Ill. 626; *People* v. *Montville,* 393 Ill. 590; *People* v. *Adams,* 393 Ill. 308; *People* v. *Johns,* 388 Ill. 212; *People* v. *Yetter,* 386 Ill. 594.

The judgment in this case was entered on February 19, 1935. No bill of exceptions or report of proceedings was presented to the trial judge within the time prescribed by section 81 of the Practice Act of 1907 (Ill. Rev. Stat. 1933, chap. 110, par. 81,) which was then in force and applicable to criminal cases. (*People* v. *Causey,* 367 Ill. 461.) The purported bill of exceptions or report of proceedings, appearing in the record, was presented to the successor in office of the trial judge on September 7, 1945, and was signed by him on that date. This was more than ten years after the trial was had and the judgment entered. The so-called bill of exceptions or report of proceedings not having been presented to the trial judge for his certificate within the time prescribed by law, it cannot be considered as a part of the record in this case for any purpose.

There being no bill of exceptions or report of proceedings in the record which can be considered on this review, and the questions sought to be raised by plaintiff in error being such that they can only be raised where a bill of exceptions or report of proceedings has been properly certified and made a part of the record, they cannot be considered on the record presented.

The judgment of the circuit court of Macoupin county is affirmed.

*Judgment affirmed.*