(No. 29827.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLINTON KEMP, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

CLINTON KEMP, *pro se.*

GEORGE F. BARRETT, Attorney General, and WARNER WALL, State's Attorney, of Mound City, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

April 27, 1942, the defendant, Clinton Kemp, was indicted in the circuit court of Pulaski county for the crime of murder. A jury found him guilty, as charged, and fixed his punishment at twenty-one years' imprisonment in the penitentiary. Defendant's motion for a new trial was overruled. He did not make a motion in arrest of judgment. October 26, 1942, judgment was rendered upon the verdict. Defendant prosecutes this writ of error, appearing *pro se.*

The record filed in this court consists of three separate and distinct parts. Of these, the first, captioned "Exhibit One," certified by the clerk of the circuit court on August 6, 1946, contains the indictment, the verdict, a document reciting the proceedings in the cause, the motion for a new trial and the *mittimus.*

"Exhibit Two" bears the certification of the clerk of the circuit court, dated September 4, 1946, that the "above and foregoing" is a "true, perfect and complete copy of Instructions to the Jury by the Court." The exhibit does not contain any refused instructions nor does the certificate of the clerk assume to indicate that the second exhibit contains all the instructions given and refused.

"Exhibit Three," described as "Transcript of Proceedings," consists of 137 pages. Included on the first two pages are the *placita,* appearances of counsel, a statement that defendant's challenge to the array was overruled for want of proof and an additional statement that "After the jury was called into the box Counsel sought to urge his motion and offer proof thereon, all of which Court overruled." Commencing on page 2 and continuing through

page 133 is what appears to be a *verbatim* transcript of the evidence adduced at the trial, together with objections to the introduction and rejection of evidence, respectively, and the rulings of the trial judge thereon. The next two pages contain objections to statements made by counsel in the course of the arguments to the jury and the rulings upon the objections. On page 136, a shorthand court reporter has certified that he has transcribed his notes and that "the above and foregoing is a true, complete and literal transcript of all the evidence for both the People and for the Defendant." The reporter's certificate is not dated. The last page contains the certificate of the trial judge, dated October 4, 1944, stating that the transcript is "a full, true, and complete report of trial proceedings had upon the trial of said cause and that said report of trial proceedings is a full, true, and complete report of all proceedings had and all evidence heard upon the trial of said cause." The transcript does not bear the authentication of the clerk of the circuit court. Nor does the transcript include motions of any kind. The common-law record and the transcript disclose that defendant did not make a motion for a bill of exceptions and did not, when sentenced, or thereafter, seek an extension of time within which to file a bill of exceptions.

The gist of the twenty-two errors relied upon to obtain a reversal of the judgment of conviction is that defendant's challenge to the array should have been sustained; that one of the People's witnesses should not have been permitted to testify since his name was not endorsed on the indictment until after the prosecution and defendant were ready for trial; that proper evidence was denied admission; that incompetent evidence was admitted; that the closing argument of the State's Attorney was prejudicial to defendant; that erroneous instructions were given; that the question of manslaughter should have been submitted to the jury by proper instructions; that the verdict is not

sustained by the evidence; that the form of the verdict does not conform to statutory requirements, and that defendant was denied due process of law and the equal protection of the laws.

No one of the questions presented and argued by defendant is open to consideration. Judgment was entered against defendant on October 26, 1942. So far as the record discloses, defendant did not seek and obtain any extension of time within which to file a bill of exceptions. The transcript captioned, "Exhibit Three," and purporting to be his bill of exceptions, was not signed by the trial judge until October 4, 1944, nearly two years after judgment had been entered and sentence pronounced. Nor was it authenticated by the clerk of the circuit court. A bill of exceptions must be filed within the time fixed by rule of this court. Where it appears that a bill of exceptions was not filed within such time and it does not appear that an extension of time was obtained, the bill of exceptions will not be considered. *People* v. *Richardson,* 391 Ill. 523; *People* v. *Duvall,* 379 Ill. 535; *People* v. *Causey,* 367 Ill. 461.

Another adequate reason why the issues with respect to the admissibility of evidence and the sufficiency of the evidence to sustain the verdict cannot be considered is that the transcript does not contain motions of any kind and, in particular, it does not contain the motion for a new trial. Repeated decisions of this court announce the familiar rule that, to properly present the question of the sufficiency of the evidence to support a verdict, the evidence, the motion for a new trial, and the order overruling it must all be included in a bill of exceptions or a stenographic report certified by the trial judge. It follows, necessarily, that where the motion for a new trial is not included in a bill of exceptions, the sufficiency of the evidence cannot be considered. (*People* v. *Johns,* 388 Ill. 212; *People* v. *Yetter,* 386 Ill. 594.) To become a part

of the common-law record, a motion for a new trial must be incorporated in a bill of exceptions or stenographic report signed by the trial judge. This, defendant failed to do.

Complaint is made with respect to the propriety of instructions given to the jury. The fact that the sufficiency of the evidence in a cause cannot be reviewed is not a bar to a consideration of assignments of error relative to the giving and refusing of instructions. (*People* v. *Yetter,* 386 Ill. 594; *People* v. *Zaransky,* 362 Ill. 76.) The instructions assailed by defendant are not included in either of the two exhibits which we have treated as the common-law record and a bill of exceptions. The second document, certified by the clerk of the circuit court nearly two years subsequent to the certification of the transcript of the evidence by the trial judge, does not purport to contain all instructions given and refused but merely the instructions given. When a defendant complains of instructions given or refused, he must set forth in his bill of exceptions all of the refused as well as all of the given instructions and, further, state which of the instructions was offered by the People and the defendant, respectively. (*People* v. *Yetter,* 386 Ill. 594; *People* v. *Decina,* 306 Ill. 260; *People* v. *Piccirilli,* 306 Ill. 50.) The propriety of the instructions assailed by defendant is not subject to review.

The contention that the court erred in allowing a witness to testify for the People because his name was not endorsed on the indictment until after the parties had announced they were ready for trial is not well taken. In the exercise of a sound judicial discretion, the trial judge may permit such an endorsement and allow the witness to be examined. (*People* v. *O'Hara,* 332 Ill. 436.) In the absence of a bill of exceptions containing the testimony of the witness, defendant is not in a position to say he was prejudiced by his testimony.

Defendant in his brief declares that "counsel had presented in writing a motion to prove that the panel of the

jury in which was before the Court in part was prejudice to the defendant." This statement is without any basis in the record before us. Neither the common-law record nor the bill of exceptions discloses any ground for the challenge to the array. This being so, the presumption obtains that the motion was properly overruled.

For the foregoing reasons, among others, the judgment of the circuit court of Pulaski county is affirmed.

*Judgment affirmed.*