(No. 19807.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STEVE RUKAVINA, Plaintiff in Error.

*Opinion filed February 21, 1930.*

HARVEY GUNSUL, and ARCHIE G. KENNEDY, (FRANK A. McCARTHY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LATHAM CASTLE, State's Attorney, and GEORGE P. O'BRIEN, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The grand jury of the county of DeKalb returned an indictment to the June term, 1928, consisting of four counts, each charging Steve Rukavina with a violation of the Illinois Prohibition act. The first count charged that he had been convicted on his plea of guilty at the September term, 1924, of the county court of DeKalb county, not being authorized to possess intoxicating liquor, of unlawfully possessing intoxicating liquor in violation of the Illinois Prohibition act, and that afterward, on May 13, 1928, he had in his possession intoxicating liquor not in his private dwelling. The second count charged the same conviction in 1924, and that on May 13, 1928, the defendant unlawfully possessed intoxicating liquor for the purpose of sale. The third and fourth counts charged a sale of intoxicating liquor, the third on May 13, 1928, and the fourth on May 1, 1928. The defendant pleaded not guilty, and on a trial the jury returned the following verdict: "We, the jury, find the defendant guilty of possessing and selling

intoxicating liquor in manner and form as charged in the counts of the indictment, and we further find from the evidence that the defendant, Steve Rukavina, at the time of committing said offense had heretofore been convicted of possessing intoxicating liquor in manner and form as charged in the indictment, and we find the age of the defendant to be fifty-two years." The court thereupon sentenced the defendant to imprisonment in the penitentiary for a period of not less than one nor more than two years and to pay a fine of $500 and the costs of prosecution. This writ of error is prosecuted to reverse the judgment.

The only evidence of any sale of intoxicating liquor was the sale on May 13, 1928, of a pint of alcohol to William Furr at the defendant's place of business on Tenth street, in the city of DeKalb, for $2.75. Furr was a deputy sheriff of DeKalb county, and after the purchase of the alcohol he drove back to Sycamore with the other deputy sheriffs who had accompanied him from Sycamore and delivered the pint of alcohol to the sheriff. That same evening he swore to an affidavit for a search warrant, the search warrant was issued, and Ray Ugland, Ross Millett, Henry Decker and Fred Mitchell received the warrant and went to DeKalb that same night to serve it. The defendant resisted them, but the door was broken down and search was made of the premises. The trial on the indictment occurred in November, 1928, at the October term. The defendant was sentenced at the February term, 1929, and the time for filing a bill of exceptions and the issuing of a *mittimus* was extended from time to time until thirty days from August 2, 1929.

The alleged errors argued are, that the evidence did not show, beyond a reasonable doubt, that the defendant was guilty; that the evidence of the search of the defendant's premises should have been suppressed; that it was error to admit in evidence the affidavit of the complainant for the search warrant and the search warrant; that certain

instructions were erroneously given or refused, and that the verdict was insufficient to sustain the judgment.

We shall express no opinion upon the first ground because the judgment must be reversed for error occurring on the trial. The second is not presented by the record. While the clerk has recited in the common law record a petition of the defendant to suppress and return the evidence seized on a raid, no such motion is preserved in the bill of exceptions, and the petition is therefore not before us for review.

On the trial the court admitted, over the objection of the defendant, the affidavit of William Furr made on May 13 and filed with the police magistrate for the purpose of procuring a search warrant, and also the search warrant issued on the affidavit. This was error. The affidavit stated that the affiant had just and reasonable grounds to believe, and did believe, that intoxicating liquor was unlawfully possessed, kept for sale, sold and disposed of for beverage purposes, in violation of the Illinois Prohibition act, in certain premises occupied by the defendant as a store building and dwelling house, and that the reason for his belief was that he did on the night of May 13, 1928, purchase one pint of intoxicating liquor from Steve Rukavina, paying him $2.75 therefor. This document, as well as the search warrant, was incompetent evidence against the defendant. The law requires evidence against a defendant to be given by witnesses produced in open court, subject to cross-examination, and it cannot be corroborated by an *ex parte* affidavit made by the witness.

Instruction No. 5 was section 3 of the Illinois Prohibition act, concluding with the words, "and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." It was error to give this instruction. The various counts of the indictment were only for the possession or sale of intoxicating liquor, and the jury were

not concerned with the other provisions of the section. Neither was it concerned with the question whether the provisions of the Illinois Prohibition act were to be liberally or strictly construed. The construction of the provisions of the act was for the court and not for the jury, and it was improper to submit to the jury any question in regard to the manner of construction.

Instruction No. 10 was as follows:

"The jury are instructed that the rule requiring the jury to be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt in order to warrant a conviction is complied with if, taking the testimony all together, the jury are satisfied beyond a reasonable doubt that the defendant is guilty. The reasonable doubt that the jury is permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not material in the case."

This instruction has been condemned as erroneous in *People* v. *Rongetti,* 331 Ill. 581, and *People* v. *Birger,* 329 id. 352, and a similar instruction was condemned in *People* v. *Johnson,* 317 Ill. 430, and *People* v. *Cramer,* 298 id. 509.

Instruction 18 is an instruction upon the presumption of innocence and the burden of establishing guilt beyond a reasonable doubt, which has been approved in *People* v. *Guido,* 321 Ill. 397, *People* v. *Rees,* 268 id. 585, *People* v. *Scarbak,* 245 id. 435, and *Spies* v. *People,* 122 id. 1, on p. 82.

Instruction 19 refers to the mode of impeaching a witness by showing that he made statements out of court at variance with his statements on the witness stand. It ought not to have been given, because it was not applicable to any evidence in the case.

The following was the third instruction asked by the defendant and refused:

"Evidence of a prior conviction of unlawfully possessing intoxicating liquor by the defendant is admissible solely

and only for the purpose of showing whether or not the defendant had been so previously convicted in order to determine the amount of punishment that might be meted out to him in case he is convicted of the offense of possessing liquor unlawfully on the 13th day of May, 1928, as charged in the indictment in this case, and must not be considered by you in arriving at your verdict in this case."

It was properly refused because the charge of a previous conviction was a material allegation of the first and second counts of the indictment, and as to those two counts the jury were bound to consider any evidence of a previous conviction admitted on the trial.

It is argued on behalf of the plaintiff in error that the verdict is void because it finds the defendant guilty of a crime not known to the statute—that is, "possessing *and* selling intoxicating liquors." Since the judgment is to be reversed it is unnecessary to consider this objection to the form of the verdict because it will not arise on another trial.

It is also argued that the court erred in sentencing the defendant for a second offense of possessing intoxicating liquor. The record of the conviction of the plaintiff in error in the county court was offered in evidence, from which it appears that the information in that case charged that the defendant, "not being authorized to possess intoxicating liquor in the manner provided by the Illinois Prohibition act, did then and there possess intoxicating liquor with the intent to use the same in violation of the said Illinois Prohibition act." Under the previous decisions of this court this information did not charge any violation of the Illinois Prohibition act. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* 314 id. 140; *People* v. *Tate,* 316 id. 52; *People* v. *Elias,* id. 376; *People* v. *Minto,* 318 id. 293.) The charge that the defendant was not authorized to possess intoxicating liquor in the manner provided by the Illinois Prohibition act is a mere statement of the conclusion of the pleader. It states no fact from which it can be in-

ferred that the possession was without authority of law. The statement of the intent of the defendant to use the intoxicating liquor in violation of the Illinois Prohibition act is also a mere conclusion of the pleader not supported by any fact justifying the inference of the unlawful intent. The conviction of the defendant on this information was therefore void in accordance with the decisions cited. (*People* v. *Wallace,* 316 Ill. 120.) The record of the judgment of the county court was not admissible in evidence in this prosecution for a second offense. *People* v. *Buffo,* 318 Ill. 380.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*