(No. 21715.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. H. MILLER, Plaintiff in Error.

*Opinion filed April 22, 1933—Rehearing denied June 9, 1933.*

LOUIS GREENBERG, and HARRY E. KERKER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

William H. H. Miller, plaintiff in error, was tried and convicted by a jury in the criminal court of Cook county for the offense of conspiracy to obtain money by false pretenses and was sentenced to serve a term of seven months and one day in the county jail and to pay a fine of $2000. He obtained a writ of error from the Appellate Court,

where the judgment of the lower court was affirmed, and now comes here by writ of error. It is here conceded that the evidence produced by the People proved the conspiracy and the performance of overt acts in furtherance of the objects of that offense.

Briefly stated the facts are as follows: Miller and Mitchell C. Blaine entered into a conspiracy to obtain money from medical and dental students and practitioners who were ineligible to take the examinations required by law under the supervision of the Department of Registration and Education, in order that they might obtain licenses to practice in Illinois. It is undisputed that Miller and Blaine, with the assistance of Robert Adcox, of St. Louis, falsely pretended that for a monetary consideration and with the use of political influence they could enable students and practitioners otherwise ineligible, to take the Illinois examinations, and also make it easy for them to obtain Illinois licenses to practice. The persons solicited by Miller and Blaine, with the assistance of Adcox, were generally graduates of medical and dental schools of other States not recognized by the Department of Registration and Education.

It is admitted that Miller and others entered into the conspiracy in St. Louis, Missouri, and later met at Springfield, in this State, to do the acts mentioned in the indictment. In its opinion the Appellate Court found that pursuant to the common design Blaine consummated the crime in Cook county in there obtaining from one Sparber the sum of $500 by false pretenses. Miller admits that he encouraged, aided and abetted the activities of Blaine in obtaining the money by false pretenses from Sparber in Cook county, but argues that he was only an accessory who was not present, and therefore was not subject to the jurisdiction of a court in Cook county. He relies upon section 4 of division 10 of the Criminal Code, (Cahill's Stat. 1931, chap. 38, par. 727,) which provides: "The local jurisdiction of all offenses, not otherwise provided for by law, shall

be in the county where the offense was committed." He also argues that section 46 of the Criminal Code (ibid. par. 116,) does not provide that persons committing such offense may be prosecuted in a county other than where the offense of conspiracy was committed, and seeks to fortify his argument by citing section 10 of division 10 of the Criminal Code, (ibid. par. 733,) which provides that when the commission of an offense commenced without this State is consummated within this State the offender shall be liable to punishment in this State even though he was without the State at the time of the commission of the offense charged, if he consummated the offense within this State by any means proceeding directly or indirectly from himself, and in such case he may be tried and punished in the county where the offense was consummated. In other words, he claims that since the conspiracy was committed in Sangamon county and the overt act was committed by Blaine, alone, in Cook county, the charge of conspiracy cannot be legally laid in Cook county against him as one of the conspirators as he was not in Cook county in furtherance of the objects of the conspiracy, and therefore the proof failed to support the indictment that two or more persons committed the crime of conspiracy within Cook county.

In chief support of his contention Miller cites the case of *People* v. *Blumenberg*, 271 Ill. 180. But the rule there laid down is contrary, rather than favorable, to his contention. There this court said: "Although, as has been stated, the unlawful combination alone constitutes the offense of conspiracy and no act in the furtherance of the unlawful design is necessary to complete the offense, yet every such act is regarded, in law, as a renewal or continuance of the unlawful agreement. * * * A conspiracy once formed is presumed to exist whenever and wherever one of the conspirators does some act in furtherance of its purpose. * * * Since each overt act is a renewal of the conspiracy, the offense is continuous so long as overt acts in furtherance

of its purpose are done. The conspiracy is renewed as to all the conspirators at the place where the overt act is done, and it is not necessary to allege the exact place where the conspiracy was originally formed." This rule was later re-affirmed by this court in *People* v. *Glassberg,* 326 Ill. 379.

The cases of *Hyde* v. *United States,* 225 U. S. 347, and *Brown* v. *Elliott,* 225 id. 392, cited in *People* v. *Blumenberg, supra,* and which, as Miller contends, do not apply in this jurisdiction, were cited in support of the statement that prosecution could be had on the charge of conspiracy wherever an overt act in furtherance thereof was committed. The fact that the Federal statute requires the performance of an overt act before there can be a crime of conspiracy does not render the citations inapplicable to what we said in the case of *People* v. *Blumenberg, supra,* or to what we say in the present case. The indictment in the present case charged a statutory conspiracy under section 46 of the Criminal Code, and under that statute the venue was properly proved. (*People* v. *Glassberg, supra.*) It was not necessary that the conspiracy should have originated in Cook county, or that all, or even two, of the conspirators should have met in Cook county, since an overt act was there committed by one of the conspirators in furtherance of the common design. 12 Corpus Juris, 640.

The transcript of the record in this case contains 490 pages, and plaintiff in error has compressed that record into an abstract of 10 printed pages. The defendant in error has done more than its bounden duty by filing an additional abstract. The additional abstract evidences the commission of other overt acts in Cook county on the part of Blaine besides that of obtaining $500 from the victim Sparber. The plaintiff in error by failing to file an abstract containing all the evidence is bound by the presumption that there was sufficient competent evidence received to justify the ruling of the trial court on any point complained of, and this court is under no necessity of explicitly stating what the

other overt acts were. *People* v. *Yuskauskas,* 268 Ill. 328; *People* v. *Armour,* 307 id. 234.

The one instruction complained of by defendant was given on behalf of the People, and told the jury, in substance, that parties to a conspiracy need not all be present at the time or place where the overt act is committed; that a conspiracy might be formed outside the State of Illinois, and if pursuant thereto an overt act is committed in this State by one of the conspirators in furtherance of the common design of the conspiracy all the conspirators might be tried in the county in which such overt act was committed. The trial court did not err in giving this instruction as it correctly stated the law and is supported by the authorities above cited.

We find no reversible error in the record. The judgment of the Appellate Court for the First District is therefore affirmed.

*Judgment affirmed.*