(No. 27477.—<span style="background:black"></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE BERTRAND, Plaintiff in Error.

*Opinion filed January 18, 1944.*

CLARENCE BERTRAND, *pro se.*

GEORGE F. BARRETT, Attorney General, and J. J. TOLSON, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

October 18, 1939, the defendant, Clarence Bertrand, *alias* Cooney Bertrand, was indicted in the circuit court of Kankakee county for robbery while armed with a dangerous weapon. A jury found him guilty, as charged, and

he was sentenced to imprisonment in the penitentiary. Defendant prosecutes this writ of error. The motion of the People to affirm the judgment for the reason that the issues presented by the common-law record and the assignment of errors cannot be considered, in the absence of a bill of exceptions, has been taken with the case.

Defendant, now incarcerated in the penitentiary at Chester, appears *pro se*. He has filed a "transcript" containing the indictment, the appointment of counsel to represent him, a motion to quash the indictment, the "given" and "refused" instructions, the verdict, motions relating to the return of the property alleged to have been stolen, the motion for a new trial, the judgment and the *mittimus*. No bill of exceptions is incorporated in the transcript which is, in fact, but a part of the common-law record. Appended to the record, but, admittedly, not a part of it, is a photostatic copy of a search warrant issued by a justice of the peace on October 15, 1939, and authenticated by a "certificate of record" of the justice. In his objections to the motion of the People to affirm the judgment, defendant "agrees that the certified copy of the search warrant is not a part of the record." The abstract of the record consists of *verbatim* copies of the indictment and the judgment order, together with a copy of the search warrant.

To obtain a reversal, defendant contends that he was not competently represented by the counsel appointed by the court to defend him, claims that he was unlawfully arrested and confined in a police station without a hearing and charges that police officers searched his home without a legal search warrant. No one of these alleged errors finds a basis in the common-law record. In the absence of a bill of exceptions, nothing remains in the record from which we can determine whether the errors charged are well taken. (*People* v. *Duvall*, 379 Ill. 535; *People* v. *Haiges*, 379 Ill. 532; *People* v. *Stahulak*, 353 Ill. 348; *People* v. *Keller*, 353 Ill. 411.) In particular, a determina-

tion of whether an accused has been properly and competently represented by the counsel appointed to defend him can be made only from an examination of a bill of exceptions. (*People* v. *Street,* 353 Ill. 60.) The legality of the arrest and the detention of the defendant was not challenged in the trial court. It follows that the alleged unlawful arrest and confinement of the defendant in the police station without a hearing cannot be assailed for the first time upon the common-law record filed in this court. (*People* v. *Pecho,* 362 Ill. 568.) Defendant concedes that the search warrant used by the police officers was not introduced in evidence upon the trial. Apart from the fact that neither the issuance nor the validity of the search warrant was attacked, we are precluded from deciding its legality since it is not a part of the common-law record. (*People* v. *Rukavina,* 338 Ill. 128; *People* v. *Ellsworth,* 261 Ill. 275.) It can only be made a part of the record by being incorporated in the bill of exceptions. Inclusion of the warrant in the record by the clerk is ineffective. *People* v. *Rukavina,* 338 Ill. 128; *People* v. *Tielke,* 259 Ill. 88; *Earll* v. *People,* 73 Ill. 329.

All of the errors relied upon for reversal are based upon allegations of fact which are not before us because of the lack of a properly certified transcript of the evidence. In its absence, the presumption obtains that the evidence was sufficient to warrant the verdict and judgment thereon. *People* v. *Miller,* 352 Ill. 537; *People* v. *Ambolo,* 343 Ill. 480.

The motion of the People to affirm the judgment must be allowed. The judgment of the circuit court of Kankakee county is, accordingly, affirmed.

*Judgment affirmed.*