(No. 27852.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SCOTT LANTZ, Plaintiff in Error.

*Opinion filed May 16, 1944.*

Scott Lantz, *pro se.*

George F. Barrett, Attorney General, and Ivan J. Hutchens, State's Attorney, of Decatur, (Fred G. Leach, and Roy B. Foster, both of Decatur, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

January 17, 1942, the defendant, Scott Lantz, was indicted in the circuit court of Macon county for the crime of forgery. The indictment consists of two counts. Of these, the first charges defendant with forging a check with the intent to defraud Otis Green, and the second uttering a forged check, knowing it to be false, again with the intent to prejudice Green. February 19, 1942, defendant withdrew his plea of not guilty to both counts and, notwithstanding admonition by the trial judge as to the effect of his action, pleaded guilty to the second count. He was sentenced to an indeterminate term of from one to fourteen years' imprisonment in the penitentiary, with the recommendation that the minimum and maximum limits be one year and fourteen years, respectively. Lantz prosecutes this writ of error.

Defendant, now incarcerated in the penitentiary at Joliet, appears *pro se.* No bill of exceptions has been filed. Defendant challenges the sufficiency of the indict-

ment on two grounds, first, that its allegations are too broad, relating only to fraud and, secondly, that "Sam J. Myslici," the alleged drawer of the check, is nonexistent. Defendant's plea of guilty does not preclude him from challenging the sufficiency of the indictment to charge a criminal offense in the form prescribed by the common law or the statute. (*People* v. *Fore*, 384 Ill. 455.) The check in question was dated August 4, 1941, drawn on the Illinois National Bank of Springfield, for $7.95, payable to the order of Scott Lantz, and bore the signature "Sam J. Myslici" and the blank indorsement of Lantz. The second count of the indictment, so far as pertinent, charges that defendant "feloniously and fraudulently did then and there utter, publish and pass to Otis Green as true and genuine, a certain false and forged bank check, then and there purporting to have been signed by one Sam J. Myslici, then and there well knowing the said bank check to be false and forged, with the intent thereby then and there to prejudice, damage and defraud the said Otis Green." The indictment satisfies the requirements of the statute. To constitute the offense of forgery, under section 105 of division I of the Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 277,) there must be a false writing or alteration of an instrument, the instrument as written must be apparently capable of defrauding, and there must be an intent to defraud. The statute makes no distinction between making, altering or counterfeiting an instrument with intent to prejudice, and uttering, publishing and passing as true and genuine any such forged instrument with intent to damage or defraud, knowing the same to be false, altered, forged or counterfeited. Every person who is guilty either of making and forging or uttering and passing, or attempting to utter and pass, under the conditions named in the statute, is deemed guilty of forgery. (*People* v. *D'Andrea*, 361 Ill. 526.) To sustain his contention that there is no such person as "Sam J. Myslici," defend-

ant directs attention to the alleged failure of the prosecution to either *subpoena* or produce Myslici upon the trial. The argument is advanced that he could not be produced because he is a fictitious person. By defendant's plea of guilty, he admitted all the facts charged in the indictment. (*People* v. *Denning,* 372 Ill. 549.) Apart from the fact that upon a plea of guilty no occasion presented itself for the production of Myslici as a witness, or otherwise, nothing appears from the face of the indictment or the common-law record to indicate his nonexistence. This contention was not made upon the trial, and, in the absence of a bill of exceptions, there is nothing for a court of review to consider in this regard.

Defendant urges he was incompetently represented by counsel appointed by the court to defend him. No basis for this alleged error is found in the common-law record, and this issue not being properly presented, we cannot determine whether the error charged is well taken. (*People* v. *Bertrand,* 385 Ill. 289; *People* v. *Street,* 353 Ill. 60.) Likewise unavailable to defendant upon the record before us, are (1) the claimed illegality of his arrest in one county and the alleged failure to take him before a magistrate or court having jurisdiction of the offense charged for the purpose of issuing a warrant before removing him to another county and (2) the asserted denial of "due process in the justice court." As to the latter, numerous continuances granted by a justice of the peace of Macon county are stated to have resulted in the postponement of his hearing for a period of sixty-four days, and the complaint is made that the warrant of arrest issued by the justice of the peace "was defective and illegal as it did not carry the seal of the court." Neither of these alleged errors finds a basis in the common-law record. Even if presented to the trial court, such questions are not reviewable by this court unless incorporated in a bill of exceptions. *People* v. *Bertrand,* 385 Ill. 289; *People* v. *Pecho,* 362 Ill. 568.

Defendant urges that his motion seeking his discharge for want of prosecution within four months (Ill. Rev. Stat. 1943, chap. 38, par. 748,) should have been sustained. The right to a speedy trial guaranteed by section 9 of article II of our constitution is a right personal to the accused and which he may waive. (*People* v. *Utterback,* 385 Ill. 239; *People* v. *Harris,* 302 Ill. 590.) Here, defendant's plea of guilty to the indictment operated as a waiver of any technical irregularities in prior proceedings and pleadings and, also, of his right to a discharge, pursuant to the applicable statute. Furthermore, in the absence of a proper showing that he invoked the statute, demanded his release in the trial court, and then properly preserved the proceedings upon such application by a bill of exceptions, the record is insufficient upon which to present the question of delay in his trial. *People* v. *Economac,* 243 Ill. 107.

Defendant insists that a statement signed by the trial judge and the State's Attorney of Macon county, conformably to portions of the Sentence and Parole Act since held unconstitutional, (*People* v. *Montana,* 380 Ill. 596,) was prejudicial to him. The statement assailed is not properly a part of the common-law record, and cannot be made so merely by its inclusion and certification by the clerk. (*People* v. *Bertrand,* 385 Ill. 289; *People* v. *Reese,* 355 Ill. 562.) The minimum and maximum limits of imprisonment contained in the trial judge's advisory recommendation coincide with the penalty for forgery prescribed by section 105 of division I of the Criminal Code. This being so, it becomes unnecessary to remand the cause with directions to enter a proper sentence.

The judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*