(No. 29382.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NELSON FOSTER *et al.*, Plaintiffs in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

NELSON FOSTER, GEORGE PAYNE, and ALEX THAMES, *pro sese.*

GEORGE F. BARRETT, Attorney General, and WARNER HALL, State's Attorney, of Mound City, for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

An indictment was returned in the circuit court of Pulaski county at the January term, 1935, against plaintiffs in error, Nelson Foster, and George Payne, *alias* Elijah Jefferson, and Alex Thames, charging them with

the crimes of burglary and larceny. They entered pleas of guilty and were sentenced to imprisonment in the penitentiary for a term of from one year to life.

The record discloses that plaintiffs in error, on February 22, 1935, appeared in open court, were furnished with a copy of the indictment, a list of the jurors and the People's witnesses, and after being advised of their rights to trial and of the consequences of their pleas, they persisted therein and entered pleas of guilty. Plaintiffs in error, Nelson Foster and George Payne, impleaded with Alex Thames, have since been confined in the penitentiary, and, appearing *pro sese,* they bring this cause here on the common-law record.

The errors assigned by which a reversal of the judgment is sought are: (1) That they did not have counsel to represent and protect their rights; (2) that the court did not examine witnesses in aggravation and mitigation of the offense; (3) that the court exceeded the limit of its jurisdiction in passing the judgment and sentencing them to the penitentiary in less than ten minutes; (4) that they did not have reasonable time and full opportunity to prepare their defense; (5) that they were not furnished with a copy of the indictment and did not have a chance to meet the witnesses face to face; (6) that the State's Attorney secured their pleas of guilty by promises of leniency in their sentence; and, (7) that they were denied due process of law.

It is first contended by plaintiffs in error that they did not have counsel appointed to represent and protect their rights. It is not shown by the record that the defendants informed the court or in any way indicated that they desired counsel. We have repeatedly held that the right to be represented by counsel is a personal right which a defendant may waive or claim as he himself may determine. (*People* v. *Fuhs,* 390 Ill. 67.) This contention is without merit.

It is next contended that the court did not examine witnesses in aggravation or mitigation of the offense. Plaintiffs in error did not request the court to hear evidence in aggravation or mitigation of the offense, and, further, as the statute fixes the penalty and there is no discretion upon the pleas of guilty of plaintiffs in error but to impose sentences of from one year to life, the court was not required to hear evidence in aggravation or mitigation of the offense. *People* v. *Stack,* 391 Ill. 15.

It is further contended the court exceeded the limit of its jurisdiction in entering the judgment and sentencing plaintiffs in error to the penitentiary in less than ten minutes. The record reveals they were advised of their rights and persisted in their pleas and there is nothing therein to indicate there was any abuse of discretion in their being immediately sentenced to the penitentiary on their pleas.

Plaintiffs in error further contend they did not have reasonable time and full opportunity to prepare their defense. Nothing appears in the common-law record to so indicate and we do not have a bill of exceptions. •

Plaintiffs in error urge they were not furnished with a copy of the indictment and did not have a chance to meet the witnesses face to face. The record specifically shows they were furnished with a copy of the indictment, and, obviously, their insistence in pleading guilty did not necessitate meeting the witnesses face to face.

Plaintiffs in error further urge that the State's Attorney made promises to them in order to secure their pleas of guilty. No bill of exceptions has been filed in this case and we cannot consider questions of fact arising *de hors* the record. (*People* v. *Johns,* 388 Ill. 212; *People* v. *Lantz,* 387 Ill. 72.) Their contention in this respect cannot be sustained.

It is last urged by plaintiffs in error that they were denied due process of law. Nothing appears in the common-

law record to indicate that they did not have the fair trial which the law contemplates. This cause being here on the common-law record, the extent of our inquiry is circumscribed by what that record contains. *People* v. *Conn,* 391 Ill. 190; *People* v. *Street,* 353 Ill. 60.

We have examined the record in this case and the numerous contentions assigned by plaintiffs in error and we do not find any errors warranting a reversal. For the foregoing reasons, the judgment of the circuit court of Pulaski county as to plaintiffs in error, Nelson Foster and George Payne, is affirmed.

*Judgment affirmed.*