(No. 29779.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROOSEVELT WASHINGTON, Plaintiff in Error.

*Opinion filed January 22, 1947.*

ROOSEVELT WASHINGTON, *pro se.*

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Roosevelt Washington, was indicted in the circuit court of St. Clair county for the murder of Ulysses Rozier. A jury found him guilty and fixed his punishment at 199 years' imprisonment in the penitentiary. February 21, 1938, judgment was rendered on the verdict. Defendant prosecutes this writ of error, appearing *pro se.* No bill of exceptions has been filed, and the assignments of error must be considered solely upon the common-law record.

Defendant contends that the common-law record, as certified to by the clerk and trial judge, fails to show the

convening order of the court. Recourse to the record affirmatively discloses the convening of the court. Defendant's second contention is that the record fails to show the indictment was returned into open court, as required by law. Again, the record affirmatively shows that the indictment was returned in open court. Indeed, defendant, in his brief, admits "A True Bill was returned into open Court on the 17th day of January A.D. 1938. No Bail." Defendant's first two assignments of error represent attempts to controvert matters affirmatively appearing from the record. The record imports verity and cannot be contradicted except by other matters of record by or under the authority of the court. *People ex rel. Cohen* v. *Ragen,* 392 Ill. 452; *People* v. *DeLisle,* 374 Ill. 437.

By his six remaining assignments of error, defendant charges errors in the admission and exclusion of evidence; insists that the trial judge erred in directing the bailiff to take out of the court room, and to jail, in the presence of the jury, one of his witnesses; urges that the verdict was the result of passion and prejudice and, also, that it is contrary to the evidence and to the law. No one of these contentions finds a basis in the common-law record. In the absence of a bill of exceptions, the six alleged errors are not open to consideration. *People* v. *Foster,* 394 Ill. 194; *People* v. *Richardson,* 391 Ill. 523; *People* v. *Johns,* 388 Ill. 212; *People* v. *Lantz,* 387 Ill. 72; *People* v. *Bertrand,* 385 Ill. 289.

The judgment of the circuit court of St. Clair county is affirmed.

*Judgment affirmed.*