THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND DANIEL GEDDES, Plaintiff in Error.

*Opinion filed March 19, 1947.*

RAYMOND DANIEL GEDDES, *pro se.*

GEORGE F. BARRETT, Attorney General, and IVAN J. HUTCHENS, State's Attorney, of Decatur, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Raymond Daniel Geddes, was convicted at the May term, 1944, of the circuit court of Macon county for the crime of robbery. He waived trial by jury in writing, and, appearing by counsel, was tried by the court. Evidence was offered and the defendant found guilty and sentenced to the penitentiary for a period of not less than one year nor more than twenty years, with a provision that the term of imprisonment should be not less than five years for a minimum term nor more than ten years for a maximum term. Only the common-law record is produced and there is no bill of exceptions.

The legal errors assigned are that the indictment failed to charge the proper offense, and that the judgment is unconstitutional and void.

There is no bill of exceptions tendered from which we can ascertain whether the indictment and conviction for

robbery was justified. The finding of the court of the guilt of plaintiff in error raised the presumption that the facts justified the conviction, when there is no bill of exceptions to show the facts proved upon the trial. There is no merit in this contention.

The claim that the judgment is illegal, unconstitutional and void is a general allegation, and no particulars are advanced to support it in the brief of plaintiff in error.

Plaintiff in error claims certain statements were taken from him while held incommunicado in jail, without the advice of friends or counsel; that the defendant was not properly defended, or faithfully protected against the indictment when he was put on trial; that the court erred in moving up the date of the trial three days. There is nothing in the record to substantiate the first of these two contentions. On the other the record discloses that on September 18, 1944, the cause was first allotted for trial on October 23, 1944. Without further motions or objections the record discloses the trial commenced on October 20, 1944, and was concluded on October 21. No objections or suggestions, or motions for continuance, or anything of a like character appear in the record to show that the defendant protested or objected. The law is clear that where there is no bill of exceptions filed with the common-law record of conviction the reviewing court is limited to a consideration of the record before it. (*People* v. *Witt*, 394 Ill. 405; *People* v. *McElhaney*, 394 Ill. 380.) And, in the absence of a bill of exceptions, any statement of fact cannot be considered by the court, except as disclosed by the common-law record. *People* v. *Fuhs*, 390 Ill. 67.

The contentions last made by plaintiff in error are such as must be established by a bill of exceptions. In the absence thereof the evidence is presumed to be sufficient. (*People* v. *Johns*, 388 Ill. 212.) Failure of defendant's counsel to properly defend him must be shown by bill of exceptions. *People* v. *Bertrand*, 385 Ill. 289.

Some contention is made that sections 2 and 3 of the Sentence and Parole Act as amended in 1943 are invalid. This contention has been overruled. *People* v. *Burnett,* 394 Ill. 420.

No error appearing in the record, the judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*