(No. 30168.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD GRASS, Plaintiff in Error.

*Opinion filed November 20, 1947.*

EDWARD GRASS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (IVAN J. HUTCHENS, State's Attorney, of Decatur, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Edward Grass, was indicted in the circuit court of Macon County for the crime of forgery. The indictment further charged defendant's previous conviction of the crimes of burglary and larceny. A jury found him guilty of forgery. Judgment was rendered on the verdict and Grass was sentenced to imprisonment in the penitentiary for a term of from one year to fourteen years. Appearing *pro se,* Grass prosecutes this writ of error. No bill of exceptions has been filed.

Defendant challenges the sufficiency of the indictment. So far as relevant, the indictment charges that defendant forged a check dated April 25, 1946, drawn on the First National Bank of Decatur, for $44.08, purporting to have been executed by one R. S. Bass, "for the payment of money then and there to him the said Edward Grass, by the name then and there of 'Clyde Davis Henely' * * * with intent then and there to prejudice, damage and defraud one R. S. Bass." The indictment meets the requirements of section 105 of division I of the Criminal Code defining the crime of forgery. (Ill. Rev. Stat. 1947, chap. 38, par. 277.) To support his contention that the indictment fails to charge the crime of forgery, defendant says: "The indictment was returned and endorsed a true bill against Edward Grass, and did not include that Edward Grass was also alias 'Clyde Davis Henely.' Nor any other alias." The gist of this contention appears to be that it was neces-

sary for defendant to have been indicted as Edward Grass, *alias* Clyde Davis Henely, since he used the latter name as the payee of the check. The contention is without any legal basis.

Defendant's second contention is that he was not competently represented by the counsel appointed to defend him. In the absence of a bill of exceptions, this contention is not open to consideration. *People* v. *Geddes,* 396 Ill. 522; *People* v. *Lantz,* 387 Ill. 72; *People* v. *Bertrand,* 385 Ill. 289.

The judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*