(No. 30536.—Cause No. 47-691, 
Cause No. 47-686, 
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD O. SAXTON, Plaintiff in Error.

*Opinion filed May 20, 1948.*

EDWARD O. SAXTON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and CHARLES G. SEIDEL, State's Attorney, of Geneva, (ERNEST W. ACKERMANN, of Geneva, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An indictment returned in the circuit court of Kane County charged the defendant, Edward O. Saxton, with the crimes of burglary and larceny and, upon his plea of guilty to these charges, he was sentenced to a term of not less than fifteen nor more than twenty years' imprisonment in the penitentiary. A second indictment charged defendant with the crimes of larceny of a motor vehicle and larceny of an automobile having a value of $750. Defendant pleaded guilty to the crime of larceny, as charged. He was found guilty of larceny and sentenced to imprisonment in the penitentiary for a term of not less than fifteen nor more than twenty years. The two sentences were ordered to run concurrently. Defendant prosecutes this writ of error, seeking a reversal of the two judgments. No bill of exceptions has been filed in either cause.

The Attorney General has confessed error in the second cause. The penalty prescribed by the Criminal Code for larceny is imprisonment for an indeterminate term of one to ten years. (Ill. Rev. Stat. 1947, chap. 38, par. 389.)

Defendant was charged with the crime of larceny and, also, the crime of larceny of a motor vehicle. He pleaded guilty to the offense of larceny, his plea was accepted, and he was erroneously sentenced to the penitentiary for a term carrying minimum and maximum limits of imprisonment of fifteen and twenty years, respectively. Upon the confession of error, the judgment in the cause numbered 47-691 in the circuit court of Kane County must be reversed and the cause remanded, with directions to enter a proper sentence in conformity with the law.

The indictment in the cause numbered 47-686 charges defendant with burglary and larceny of two radios having an aggregate value of $61. The first two counts allege that, on May 25, 1947, defendant feloniously broke and entered a store building with the intent of stealing personal property of the owners. The third count charges defendant with stealing a Sieberling table-model radio valued at $31 and a Telechrone radio clock of the value of $30. The fourth count, also charging larceny, describes the property stolen as "2 radios, value of $61." Both indictments were returned on July 14, 1947. Defendant was apprehended the same day and, on July 16, arraigned, having previously been furnished a copy of the indictment, together with lists of witnesses and jurors. After adequate admonition with respect to the consequences of his plea of guilty, he persisted in his plea. The finding, judgment and sentence followed.

Defendant's first contention is that he was rushed to trial with such dispatch he was not afforded time to properly prepare a defense. The common-law record discloses no request by defendant for time to prepare a defense. Neither does it show any request for counsel nor any effort to obtain a continuance. Upon the showing made, defendant's first contention is without any basis in the record before us. (*People* v. *Washington,* 396 Ill. 30; *People* v. *Foster,* 394 Ill. 194; *People* v. *Corbett,* 387 Ill. 41; *Peo-*

*ple* v. *Bertrand,* 385 Ill. 289.) The right to be represented by counsel in a noncapital case is a right personal to the accused, which he may waive or claim as he himself may determine. *People* v. *Wilson,* 399 Ill. 437.

Defendant next contends that he pleaded guilty believing he would be sentenced for the crime of larceny rather than for burglary since he did not physically enter the premises. This contention, as does the corollary contention that the indictment is void for the reason the charging part does not square with the evidence and with the "Official Statement of Facts" submitted by the State's Attorney and the trial judge, rests upon statements appearing in a letter of the State's Attorney addressed to the Department of Public Safety, Division of Correction, dated July 18, 1947, to the effect that, in breaking a plate glass window with a crowbar at the place of business of the owners of the property stolen, defendant damaged two radios. The official statement, signed by the State's Attorney and concurred in by the trial judge, was made conformably to section 6 of the Sentence and Parole Act. (Ill. Rev. Stat, 1947, chap. 38, par. 806.) It is not a part of the common-law record and cannot be made so merely by its inclusion and certification by the clerk. (*People* v. *Wooten,* 392 Ill. 542; *People* v. *Lantz,* 387 Ill. 72.) The indictment satisfies the requirements of the applicable provisions of the statute defining burglary and larceny. (Ill. Rev. Stat. 1947; chap. 38, pars. 84, 387.) It does not allege, as defendant asserts, that he "threw a crowbar through the window of the establishment, reached in and took therefrom, the two radios in question." The evidence has not been preserved by a bill of exceptions, and it cannot be said the evidence is insufficient to support the conviction. In so far as the "Official Statement of Facts" is concerned, even if properly before us, a variance between it and the indictment would not render an indictment otherwise sufficient fatally defective.

The contention that the sentence is excessive and erroneous is without merit. The punishment for burglary is from one year to life, (Ill. Rev. Stat. 1947, chap. 38, par. 84.) and the trial judge is vested with authority to fix minimum and maximum limits of imprisonment upon a conviction of burglary. (Ill. Rev. Stat. 1947, chap. 38, par. 802.) The minimum and maximum terms of imprisonment are within the permissible limits.

Defendant also contends the sentence was improper for the reason that there is no such crime as "burglary and larceny." From this, the argument is advanced that there is no way of positively asserting whether the court intended to sentence him upon the larceny count or the burglary charge, and that the sentence, if intended to be upon the charge of larceny, is erroneous. *People* v. *Meyers*, 397 Ill. 286, does not aid defendant. There, the accused was indicted for both larceny and burglary and the sentence imposed was one authorized neither as punishment for larceny nor for burglary, and, furthermore, Meyers was not found guilty of any specific offense. Here, the defendant, Saxton, was found guilty of burglary and larceny, not, as he insists, of a single crime of "burglary and larceny" but of two substantive offenses, burglary and larceny. It is established that an indictment may charge a defendant with both of these criminal offenses and that he may be sentenced for both crimes following a verdict or finding of guilty. *People* v. *Keene*, 391 Ill. 305.

The judgment of the circuit court of Kane County in cause No. 47-691 of that court is reversed and the cause is remanded, with directions to enter a sentence in conformity with the law, the same to run concurrently with the sentence in No. 47-686. The judgment in cause No. 47-686 is affirmed.

*No. 47-691, reversed and remanded, with directions.*
*No. 47-686, judgment affirmed.*