(No. 30553.—

THE PEOPLE *ex rel.* George Marion Smith, Petitioner, *vs.*
ARTHUR A. BENNETT, Warden, Respondent.

*Opinion filed November 18, 1948.*

GEORGE MARION SMITH, *pro se.*

GEORGE F. BARRETT, Attorney General, (EDWARD
WOLFE, of counsel,) both of Springfield, for respondent.

Mr. JUSTICE SIMPSON delivered the opinion of the
court:

January 22, 1948, upon application of petitioners George
Marion Smith and John Leslie Cobble we ordered that an
original writ of *habeas corpus* issue out of this court and
that respondent answer same within ten days. The peti-
tion alleged that Smith and Cobble were being unlawfully
detained in the penitentiary upon a void judgment of the
circuit court of Coles County finding them guilty of bur-
glary and larceny and sentencing them to imprisonment for
a term of one year to life. The original respondent was

Walter Nierstheimer, Warden, who filed a return showing that petitioners had been transferred to the Pontiac Branch of the Illinois State Penitentiary. Substitution of Arthur A. Bennett, Warden, as respondent was permitted and he filed return herein on March 11, 1948.

May 11, 1948, upon leave granted, John Leslie Cobble withdrew from the cause. We shall accordingly refer to the remaining applicant as the petitioner. May 18, 1948, the issues were ordered closed and the time for filing briefs fixed under the rule of this court, which made the cause returnable at the September, 1948, term of this court. The petitioner made no reply to the return filed herein by respondent. The case is therefore pending before this court on the petition and the return of the respondent, Bennett, thereto. No brief has been filed by the petitioner but his petition contains his points and authorities.

The record discloses that petitioner was jointly indicted with Cobble October 15, 1947, for burglary and larceny in the circuit court of Coles County. October 17, 1947, they appeared in open court, were furnished with a copy of the indictment and a list of jurors and duly arraigned. Each pleaded guilty to the charge against him and each was admonished as to the effect and consequences of such plea but they persisted in the same, which was then accepted by the court, and the judgment and sentence were entered as aforesaid. No witness testified concerning petitioner's guilt. He was found to be 16 years of age.

The record is silent as to whether petitioner was represented by counsel or whether the court advised him of his right to counsel. It is claimed by petitioner that he was denied due process of law because the court failed and neglected to appoint counsel for him or to advise him of his right to counsel, because he was denied the right to be confronted by witnesses to establish his guilt, and because he was under duress, all contrary to the Bill of Rights and to the sixth and fourteenth amendments of the constitution

of the United States. The petition mentions no facts as to what constituted duress.

The return made by respondent in addition to showing the judgment and sentence aforesaid recited that petitioner had been indicted for nine major crimes and had been found to be a delinquent child when 14 years of age; that he was incorrigible and had been committed to the St. Charles School for Boys and had served time in that institution; that by reason of all this previous experience he was fully acquainted with all his constitutional rights and elected fairly and voluntarily, without coercion on the part of public officials, to enter a plea of guilty. There being no reply or answer filed to the return, the aforesaid facts are not denied. Respondent argues that because the facts set forth in his return are not denied they must be accepted by this court as true. It will not be necessary for us to decide that matter as we have arrived at a decision based upon other points.

This being a noncapital case there was no duty resting upon the court to advise petitioner of his right to counsel before entering his plea of guilty, and the absence from the record of anything showing an explanation of such right to the petitioner does not furnish ground for reversal on the common-law record. *People* v. *Wilson,* 399 Ill. 437; *People* v. *Bute,* 396 Ill. 588, affirmed 333 U. S. 640, 68 S. Ct. 763, 92 L. ed. 735; *People* v. *Foster,* 394 Ill. 194, affirmed 332 U.S. 134; *People* v. *Carter,* 391 Ill. 594, affirmed 329 U.S. 173.

There being no duty resting upon the court to advise petitioner of his right to counsel, failure to do so is not a proper ground for release in a *habeas corpus* proceeding. The court had jurisdiction of the subject matter and of the person of the petitioner and no constitutional right of petitioner was violated.

Where a plea of guilty is entered on an indictment for burglary and larceny it is not necessary that the court hear

witnesses to establish the guilt of petitioner. (*People* v. *Lantz*, 387 Ill. 72; *People* v. *Decker*, 347 Ill. 258.) A plea of guilty is an admission of every fact properly averred in the indictment and no proof thereof is required. (*People* v. *Conn*, 391 Ill. 190.) The record shows the court did hear evidence as to aggravation or mitigation of the offense.

From the above authorities, it clearly appears that the petitioner is not entitled to be released upon any ground alleged. The petition does not show that the sentence has been remitted in any manner provided by law. He is therefore remanded to the custody of the warden.

*Petitioner remanded.*