(No. 31057.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY LEE BALDRIDGE, Plaintiff in Error.

*Opinion filed September 22, 1949.*

HARRY LEE BALDRIDGE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and AUSTIN LEWIS, State's Attorney, of Granite City, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

March 17, 1941, the defendant, Harry Lee Baldridge, was indicted in the circuit court of Madison County for the burglary, on December 8, 1940, of a tavern building and for the larceny of property and money in the aggregate amount of $23.85 belonging to the proprietor of the tavern, Eugene G. Buckshot. Defendant was arraigned, and furnished with a copy of the indictment and lists of the witnesses and jurors. He pleaded not guilty and, it appearing that he did not have counsel, an attorney was appointed to defend him. On April 22, 1941, defendant withdrew his plea of not guilty and pleaded guilty. The trial judge admonished him of the consequences of making such a plea but he persisted in the plea. Thereupon, the court adjudged defendant guilty, fixed the value of the property stolen, and sentenced him to imprisonment in the penitentiary for an indeterminate term of from one year to life. Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

Invoking Federal and State constitutional guaranties, defendant asserts that he was arrested on January 27, 1941,

without a warrant; that he signed two confessions following mistreatment by police officers, and that he was not arraigned before a magistrate until five days after his arrest. No one of these three contentions finds a basis in the common-law record. Issues based upon allegations or matters of fact are not open to review, in the absence of a bill of exceptions. *People* v. *Griffin*, 402 Ill. 247; *People* v. *Saxton*, 400 Ill. 257; *People* v. *Washington*, 396 Ill. 30.

Defendant claims that he was arraigned in court without counsel and that the attorney appointed to defend him was not present in court either when appointed or when he entered his plea of guilty. From the common-law record it affirmatively appears that counsel was appointed for defendant at the time of his arraignment. The law does not require that the attorney be present in court at the moment of his appointment. Contrary to defendant's assertion, the record submitted by him shows that his attorney appeared in open court with him at the time of his entry of a plea of guilty. Although not properly before us, the copy of an affidavit of the attorney attached to defendant's brief also contradicts defendant, as it states that he was present not only when defendant entered his plea of guilty but, also, at the time he was sentenced.

Defendant's statement that he was not furnished with a copy of the indictment is contradicted by the record. Apart from this, the statutory requirement that an accused be furnished with a copy of the indictment is directory rather than mandatory, and, before error can be assigned upon this ground, the record must show the accused demanded a copy of the indictment and was refused. *People* v. *Watt*, 380 Ill. 610; *People* v. *O'Hara*, 332 Ill. 436.

The contention that defendant's attorney did not notify witnesses goes to the question of the competency of counsel. Determination of whether an accused has been properly and competently represented by counsel appointed to defend him can be made only from an examination of a bill

of exceptions. *People* v. *Burnett,* 395 Ill. 179; *People* v. *Bertrand,* 385 Ill. 289.

Defendant contends, further, that he was coerced into entering a plea of guilty through misrepresentation by the State's Attorney. This contention is unsupported in the common-law record and, in the absence of a bill of exceptions, is not open to consideration.

The contention that the court did not specify what defendant's sentence would be when he entered his plea of guilty is refuted by the record filed in this court, showing that he was fully admonished as to the consequences of his plea of guilty and, persisting, was thereupon sentenced to the penitentiary for a term of one year to life. The court's duty to defendant was fully discharged. *People* v. *Anderson,* 397 Ill. 583; *People* v. *Pond,* 390 Ill. 237; *People* v. *Childers,* 386 Ill. 312.

Defendant's contention that the clerk of the circuit court of Madison County did not furnish him with a true copy of the common-law record, fairly stated, is a contention that the common-law record does not state the truth. To support this claim, defendant has appended to his brief a copy of an affidavit of his counsel, dated August 24, 1948, stating that defendant pleaded guilty on April 24, 1941, and a copy of a letter of the trial judge, dated December 28, 1948, saying that defendant pleaded guilty, and was actually sentenced, on April 22, 1941. The certificate of the clerk of the circuit court of Madison County is attached to the record filed in this court, and the record so certified imports verity. The record cannot be impeached by statements of the character contained in and attached to defendant's brief. *People* v. *Hawley,* 399 Ill. 300; *People* v. *Haupris,* 396 Ill. 208.

Also attached to defendant's brief are purported copies of the official statement of the State's Attorney and the trial judge, made conformably to section 6 of the Sentence and Parole Act, (Ill. Rev. Stat. 1947, chap. 38, par. 806;)

a letter of a woman, dated June 17, 1946, stating that defendant's attorney never notified her on what day he was to go on trial, and the affidavit of a doctor, dated October 16, 1946, that he treated defendant at the doctor's home in Geneva on the morning of December 8, 1940. No one of these copies is a part of the common-law record. The writ of error before us is based upon the common-law record, only, and the extent of our inquiry is circumscribed by what this record contains. *People* v. *Barrigar*, 401 Ill. 471; *People* v. *Bute*, 396 Ill. 588; *People* v. *Foster*, 394 Ill. 194.

The common-law record affords no basis for defendant's assertions that he has been denied due process of law. Where the alleged error, as here, is without a basis in the common-law record, it is not open to consideration in the absence of a bill of exceptions. *People* v. *Corrie*, 387 Ill. 587.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*