(No. 31581.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN McKEE, Plaintiff in Error.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

JOHN McKEE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and A. J. RUDASILL, State's Attorney, of Clinton, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff in error prosecutes this writ of error to the circuit court of De Witt County to review a conviction for the crime of forgery. A true bill was returned by the grand jury of said county, charging plaintiff in error with uttering a false, forged and counterfeit check to which charge plaintiff in error, after consultation with his attorney, entered a plea of guilty, whereupon a motion was entered that sentence be suspended and that he be admitted to probation, which plea was subsequently denied. The defendant, age 34, was then sentenced to the Illinois State Penitentiary for an indeterminate term of not less than three years and not more than fourteen years.

Plaintiff in error urges two main grounds for reversal in his writ: (1) That he was arrested on February 8, 1949, in Burlington, Iowa, and was released to the sheriff's office of Clinton, De Witt County, on February 9, 1949, over his objections and protests and without semblance or color of extradition authority, in violation of the bills of rights of the Federal and State constitutions and contrary to the provisions of section 652 of title 18 of the United States Code and sections 1 and 2 of the Fugitives From Justice Act, (Ill. Rev. Stat. 1949, chap. 60, pars. 1 and 2,) and (2) that no maximum sentence or maximum term of penalty or prison confinement was included in the judgment of conviction.

In reply to the first contention above, only the common-law record is before us. Attached to this record are certain purported "exhibits," consisting of a series of letters,

one from the office of the Governor of the State of Iowa, indicating extradition papers were issued by the Governor of that State on February 12, 1949, three days after defendant was released to the Illinois authorities, and from which we are asked to infer the defendant's return to this State was not voluntary. We have repeatedly held that where a cause is reviewed on the common-law record only, the sole matter that can be considered by the court is error appearing upon the face of the record, and matters may not be added by argument, affidavit, or otherwise to supply or expand the record. The case must stand or fall upon the errors appearing in the record. (*People* v. *Loftus,* 400 Ill. 432; *People* v. *Baldridge,* 403 Ill. 606.) This matter, therefore, cannot be considered by us on the record submitted.

In answer to the second contention, that no maximum term of prison penalty or confinement was contained in the judgment of conviction, it is to be noted that the additional record filed by the defendant in error, with leave of court, contains the complete judgment of the circuit court of De Witt County, duly certified, which recites "that the said defendant, John McKee, be and he hereby is sentenced to the Illinois State Penitentiary for an indeterminate term of not less than 3 years which is hereby fixed as the minimum duration of imprisonment *and not more than 14 years which is hereby fixed as the maximum duration of imprisonment* or until otherwise discharged \* \* \*." Both the minimum and maximum terminals are within the penalty for the crime charged as prescribed by the Criminal Code, and the supplying of the omitted portion of the judgment answers the contention. Contentions based on a faulty record cannot be sustained where the record is corrected by the filing of an additional transcript showing the true state of the record. *People* v. *Randolph,* 403 Ill. 434.

The judgment of the circuit court of De Witt County is accordingly affirmed.

*Judgment affirmed.*