(No. 32195.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE O'CONNELL, Plaintiff in Error.

*Opinion filed March 20, 1952.*

LAWRENCE O'CONNELL, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MAN-NING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Lawrence O'Connell, was tried before a jury in the criminal court of Cook County for robbery while armed. He was found guilty and sentenced to the penitentiary for the term of his natural life. Appearing in this court *pro se* and presenting only the common-law record, he prosecutes this writ of error contending: (1) that improper evidence was allowed to come before the jury; (2) that he was deprived of the presumption of innocence which is afforded one being tried for a crime; (3) that the evidence did not establish his guilt beyond a reasonable doubt; and (4) that his conviction was the result of passion and prejudice induced by improper cross-examination and argument on the part of the prosecutor.

The contentions made by plaintiff in error are all such as find no basis in the common-law record but must be established by a bill of exceptions. Rule 70A of this court (Ill. Rev. Stat. 1951, chap. 110, par. 259.70A,) requires that the correctness of the bill of exceptions or stenographic report be certified by the trial judge. There is no properly certified bill of exceptions presented in this court but in lieu thereof plaintiff in error has appended to the record a partial stenographic transcript of the proceedings at his trial, which has been sworn to by the court reporter. The

report of proceedings as presented is neither complete nor properly certified and affords no proper basis for this court to ascertain whether the conviction was justified or whether it was subject to the legal errors plaintiff in error assigns. Since it is a nullity, there remains nothing for us to review, for the presumption obtains, in the absence of a proper bill of exceptions, that the evidence was sufficient to warrant the verdict and the judgment rendered thereon. *People* v. *Geddes,* 396 Ill. 522; *People* v. *Johns,* 388 Ill. 212; *People* v. *Bertrand,* 385 Ill. 289.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*