(No. 32344.—

The People of the State of Illinois, Defendant in Error, *vs.* Thomas Sinclair, Plaintiff in Error.

*Opinion filed September 17, 1952.*

Thomas Sinclair, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Plaintiff in error, Thomas Sinclair, was tried by a jury in the criminal court of Cook County and found guilty of robbery, for which crime he was sentenced to the penitentiary for an indeterminate term of from five to ten years. Presenting only the common-law record, and appearing *pro se,* he prosecutes this writ of error to review the judgment of conviction.

The only specification of error assigned in the brief and abstract that plaintiff in error has filed in this court is that his guilt was not established beyond a reasonable doubt. There is no properly certified bill of exceptions or transcript of proceedings before us but, rather, plaintiff in error bases his assertion of error on a report of evidence sworn to by the court reporter. The decisions of this court interpreting the applicable rules have established that a report of evidence sworn to by the court reporter, but which is not certified to by the trial judge, is not a properly certified transcript of proceedings and cannot be made the basis of contentions of error on a review of the common-law record. (*People* v. *O'Connell,* 411 Ill. 591; *People* v. *Cordts,* 397 Ill. 624). In the absence of a proper bill of exceptions, the presumption obtains that the evidence was sufficient to support the verdict and the judgment rendered thereon. *People* v. *Geddes,* 396 Ill. 522; *People* v. *Johns,* 388 Ill. 212.

Though he has failed to assign the ruling as error, plaintiff in error argues that the trial court improperly overruled a motion to quash the indictment. He states in this court, with nothing in the common-law record to support him, that two witnesses before the grand jury were incompetent because they were not eyewitnesses to the crime and that another man, who was a competent witness, failed to testify before that body. Even if the error were properly assigned or substantively correct, the contention would fail. This writ of error is taken on the common-law record, alone, and in order for this court to pass upon the trial court's action in ruling on a motion to quash on the ground that there was a lack of proper evidence before the grand jury, the motion, the hearing resulting from it, and the trial court's rulings on the specific grounds raised must be preserved by bill of exceptions. (See: *People* v. *Kocielko,* 404 Ill. 54; *People* v. *Corbett,* 387 Ill. 41.) The only indication from the record before us is that an oral general

motion to quash was made. Having failed to make and preserve the specific objections now made and the ruling thereon, plaintiff in error cannot raise the question on the record before this court.

The judgment of the criminal court of Cook County is affirmed.